**Richmond**

MELTON CLARK

v.

COMMONWEALTH OF VIRGINIA

No. 0754-90-2

Decided August 27, 1991

Counsel

Steven D. Benjamin, for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**BARROW, J.**—This appeal is from a conviction for sexual battery. We hold that the defendant's role as a teacher supervising the victim who was his student is not sufficient, standing alone, to constitute intimidation used to sexually abuse her.

The defendant, a teacher in a Chesterfield County middle school, was serving as a tutor-moderator for an in-house suspension program. The victim, a fifteen-year-old eighth grader, participated in the program.

The suspension was conducted in a room with about twelve students. All of the other students' desks faced a wall away from the defendant's desk. The victim's desk faced a different wall.

The victim asked the defendant if she could come up to his desk for help with some school work. The victim testified that defendant said to her, "for a D, eight or ten inches that a black man could do it for — that you need about nine or ten inches that a black man could do it for you."

Later, the victim again went up to the defendant to get the defendant's help with an assignment. She had raised her hand to ask the defendant about a spelling problem because she did not want to go up to his desk. However, according to the victim's testimony "[the defendant] said, 'Michelle, what word goes with this?' And he was calling out a bunch of words. 'Why don't you come up?' And I was right at his desk and in a chair, school seat. And he was helping me. And he grabbed my right breast." She further testified that the defendant reached down the right side of her neck to her left side and grabbed her breast. The victim then returned to her own seat.

Shortly thereafter, the victim told the defendant that she needed to be excused from the classroom to obtain a worker's per-

mit. When the defendant's wife, another teacher in the school, relieved him, the defendant accompanied the victim to the guidance office. The victim testified that once out of the classroom, the defendant remarked, "I ought to take you back in the woods and screw you." The victim reported the incident to a teacher and the principal.

The victim had spent the previous year in eighth grade as well. The defendant's wife had taught the victim math the previous year and had given her a failing grade. The victim had met the defendant during that first year. The defendant would help the victim with her problems, and she considered him a friend.

The defendant contends insufficient evidence existed to prove the elements of force, threat, or intimidation necessary for a conviction of sexual battery.

■ Sexual battery occurs when one sexually abuses another against the other's will "by force, threat or intimidation, or through the use of the complaining witness' mental incapacity or physical helplessness." Code § 18.2-67.4. "[S]ome force other than merely that force required to accomplish the unlawful touching" is required to constitute sexual battery. *Johnson v. Commonwealth*, 5 Va. App. 529, 534, 365 S.E.2d 237, 240 (1988). Further, "unless some force is used to overcome the will of the complaining witness, the unlawful touching constitutes common law assault and battery," rather than sexual battery. *Id.*

The Commonwealth agrees that the defendant did not force or threaten the victim but contends he intimidated her. The defendant was in a position of authority over the victim by virtue of his role as a monitor in the suspension program. Thus, the Commonwealth argues, the defendant used his position to intimidate the victim.

■ Intimidation need not be by threats of violence or bodily harm. *Harris v. Commonwealth*, 3 Va. App. 519, 521, 351 S.E.2d 356, 357 (1986). It does, however, require that a victim be put "in fear of bodily harm by exercising such domination and control of her as to overcome her mind and overbear her will." *Sutton v. Commonwealth*, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985). Psychological pressure may be intimidation if imposed "on one who, under the circumstances, is vulnerable and susceptible to

such pressure." *Id.*

The evidence in this case, however, when viewed in the light most favorable to the Commonwealth, does not reveal that the defendant intimidated the victim. He did not "overcome her mind and overbear her will" by the exercise of "dominion and control of her." He did not use his position to threaten her with disciplinary action or other adverse consequences to accomplish his goal. He may have abused his position of trust as a teacher and may have used his position as a subterfuge, but neither his words nor his conduct served to dominate or control her so as to "overcome her mind and overbear her will."

Therefore, the defendant's judgment of conviction is reversed, and the proceeding is remanded to permit the Commonwealth to prosecute the defendant for a lesser offense, if it so chooses.

*Reversed and remanded.*

Benton, J., and Elder, J., concurred.