COLEMAN, Judge.
Barbara Faye Adkins was convicted in a bench trial for making a materially false statement on a criminal background investigation consent form required of prospective firearm purchasers by Virginia law, in violation of Code § 18.2-308.2:2(K). The sole issue on appeal is whether Code § 18.2-308.2:2(K) required the Commonwealth to prove that the false statement on the form was made in the course of a transaction with a federally licensed firearms dealer. For the reasons that follow, we affirm the conviction.
Adkins attempted to purchase a Raven .25 pistol from Old Dominion Gun and Tackle (Old Dominion). Cleve Easom, an employee of Old Dominion, required Adkins to complete the ■requisite criminal background investigation consent form, Virginia State Police Form SP-65. In response to the question: “Have you ever been convicted of a felony?” Adkins wrote “No.” At trial, Adkins conceded she had been convicted of a felony at the time she completed Form SP-65.
Code § 18.2-308.2:2(K) provides that “[a]ny person willfully and intentionally making a materially false statement on the consent form required in subsection B or C shall be guilty of a Class 5 felony.” Subsections (B) and (C) of Code § 18.2-308.2:2 impose the duty upon a firearms “dealer” to obtain consent from a prospective purchaser to perform a criminal background investigation using Virginia State Police Form *169 SP-65 in order to determine whether the prospective purchaser is permitted by Virginia law to carry a firearm. Code § 18.2-308.2:2(G), in turn, defines a “dealer” as “any person licensed as a dealer pursuant to 18 U.S.C. § 921 et seq.” Conceding that she made a materially false statement on the consent form when attempting to procure a firearm, Adkins contends the Commonwealth was required to prove not only that the false statement was made on the criminal background consent form but also that such statement was made to a federally licensed firearms “dealer.” As a result, she argues, the evidence is insufficient to support her conviction under Code § 18.2-308.2:2(K) because the Commonwealth failed to prove that either Easom or Old Dominion was a federally licensed firearms “dealer.” We disagree.
‘Where the language of a statute is clear and unambiguous, we are bound by the plain statement of legislative intent.” Commonwealth v. Meadows, 17 Va.App. 624, 626, 440 S.E.2d 154, 155 (1994). We must “take the words as written” in Code § 18.2-308.2:2(K) and give them their plain meaning. Birdsong Peanut Co. v. Cowling, 8 Va.App. 274, 277, 381 S.E.2d 24, 26 (1989). In plain and unambiguous terms, Code § 18.2-308.2:2(K) requires only that an accused make the false statement “on the consent form [that dealers must use pursuant to subsection (B) or (C) ].” The statute does not require proof that a transaction with a federally licensed dealer occur; the gravamen of the offense is the making of a false statement on the specified form, which is a consent form a dealer is required to obtain. No language in the statute requires the Commonwealth to prove that the accused made the false statement to a federally licensed dealer or in the course of a transaction with a federally licensed firearms “dealer.” A false statement by a prospective purchaser on the consent form for the purpose of purchasing a firearm in Virginia falls squarely within the plain terms of subsection (K). If the legislature had intended to forbid only those misrepresentations that are made to licensed dealers, it could have expressed that intent in the language of Code § 18.2-308.2:2(K).
*170 “In construing statutes, courts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment.” Virginia Real Estate Bd. v. Clay, 9 Va.App. 152, 157, 384 S.E.2d 622, 625 (1989). “Code § 18.2-308.2:2 is part of a statutory scheme reflecting a legislative purpose to interdict the availability and use of firearms by persons previously convicted of felony offenses.” Mayhew v. Commonwealth, 20 Va.App. 484, 490-91, 458 S.E.2d 305, 308 (1995). Construing Code § 18.2-308.2:2(K) to require proof of a transaction with a licensed dealer adds nothing that effectuates the purpose of the statute. The statute proscribes every convicted felon’s intentional misrepresentation of his or her status on the specified consent form without regard to whether the form is prepared for or submitted to a federally licensed “dealer.” See id. (recognizing that duly licensed firearms dealers are “primary source of firearms lawfully sold,” not sole source (emphasis added)).
To adopt Adkins’ construction of the statute would add an element to the offense defined by the plain language of subsection (K). Furthermore, her construction would contravene the statute’s purpose by allowing convicted felons to misrepresent their status on the required consent form if perchance the seller is not a legally licensed firearms “dealer.” “[A] statute should ... be given a reasonable construction which will effect rather than defeat a legislative purpose evident from the history of the legislation.” Ambrogi v. Koontz, 224 Va. 381, 389, 297 S.E.2d 660, 664 (1982). The purpose of Code § 18.2-308.2:2 is not to ensure that criminal background consent forms are used only by federally licensed “dealers”; rather, it strives to prevent convicted felons from procuring firearms by requiring that the applicant file a form certifying that he or she is not a felon and consenting to a background check.
Accordingly, we hold that under Code § 18.2-308.2:2(K), the Commonwealth was not required to prove that Adkins made a materially false statement on the consent form to a federally licensed firearms “dealer.” Because the evidence proved that *171 Adkins intentionally made a materially false statement that she was not a convicted felon “on the form required by subsection B or C” when attempting to procure a firearm, we affirm the conviction.

Affirmed.