COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


JOHN PHILLIP STOUDT

                                    MEMORANDUM OPINION[*] BY
v.  Record Nos. 2386-98-4          JUDGE ROSEMARIE ANNUNZIATA
          and 2387-98-4                FEBRUARY 15, 2000

COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
                 John E. Wetsel, Jr., Judge

        David H. N. Bean for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General,
        on brief), for appellee.


     John Phillip Stoudt appeals his conviction of forcible

sodomy in violation of Code § 18.2-67.1.  Stoudt contends that

the evidence failed to support a conviction of forcible sodomy,

that the trial court erred in denying his motion to strike the

Commonwealth's evidence, and that, upon a reversal of his

conviction, he should be granted a hearing to reinstate his

probation on prior offenses.  Finding the evidence insufficient

as a matter of law to sustain a conviction of forcible sodomy,

we reverse the decision of the trial court, and remand for a

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

hearing on the reinstatement of Stoudt's probation for the prior convictions.

## BACKGROUND

On October 2, 1997, Stoudt was working in the basement of the Goodwill consignment store in Winchester, Virginia, stocking and sorting clothes. Working with him was the seventeen-year-old complaining witness in this case, W.B. W.B. and Stoudt had not worked together or met previously. No one else was working with them in the basement.

As they worked, Stoudt made a series of sexually explicit and suggestive remarks to W.B., and he informed the youth that he was homosexual. Stoudt offered to perform oral sex on W.B., but W.B. declined. Stoudt was not dissuaded from his advances, however, and persisted in seeking W.B.'s consent to a sexual encounter. W.B. rebuffed Stoudt's advances, and informed Stoudt that he was "straight" and had a girlfriend. W.B. later went to the restroom, and Stoudt followed him into it. The restroom was a small facility with a single toilet and sink. Stoudt unzipped his pants and produced his penis, and attempted to get W.B. to touch it. W.B. testified that he felt paralyzed with apprehension, and was only able to stand motionless while Stoudt exposed himself. Stoudt then refastened his pants, and began to touch W.B. on the legs, buttocks, and groin. He reached inside W.B.'s pants and exposed W.B.'s penis. Stoudt began to perform

- 2 -

fellatio on W.B., and kept his hands at first on W.B.'s legs, then on his buttocks. During the incident, Stoudt kneeled as he performed fellatio on W.B., and W.B. stood with his back against the wall of the restroom. W.B. testified that he was frightened during this incident and that it was only when Stoudt grasped his buttocks that he felt the paralysis of fear lift sufficiently to push Stoudt away. W.B. left the restroom and resumed working. The incident in the restroom lasted approximately two to three minutes.

Stoudt followed W.B. back into the work area, where he resumed fondling W.B., and kissed him on the neck. W.B. told Stoudt he needed to go outside and "get some air." Upon exiting the building, W.B. went to the upstairs level and reported to a manager that he was unwilling to return to the basement. W.B. was so emotionally distraught that he was unable to explain the nature of his complaint. The police were ultimately summoned to determine the nature of W.B.'s distress, and W.B. reported some of the details of Stoudt's behavior. Officer T.A. Rice interviewed W.B. and Stoudt and, upon concluding his interview with Stoudt, placed him under arrest.

Stoudt was tried before a jury on April 7, 1998, on a charge of forcible sodomy. He was found guilty and sentenced to twenty years imprisonment. As a result, his probation on previous criminal convictions was revoked, and he was ordered to

serve the nine-year sentence on those charges concurrently with his sentence for the sodomy conviction.  This appeal followed.

### SUFFICIENCY OF EVIDENCE TO PROVE FORCIBLE SODOMY

In addressing whether the evidence is sufficient to sustain a conviction, the Court considers the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible" from it.  Welch v. Commonwealth, 15 Va. App. 518, 523, 425 S.E.2d 101, 105 (1992). A jury's findings of fact will not be disturbed unless plainly wrong or without evidence to support them.  See Peterson v. Commonwealth, 5 Va. App. 389, 401, 363 S.E.2d 440, 448 (1987). Inferences to be drawn from proven facts are solely within the province of the fact finder.  See Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 385, cert. denied, 469 U.S. 873 (1984).

Code § 18.2-67.1 defines forcible sodomy as an act of sodomy performed upon a victim against that person's will, by means of force, threat, or intimidation, or through exploitation of the victim's mental incapacity or physical helplessness.  The Commonwealth conceded at trial that no force or threat was exerted in this case.  The jury's verdict of guilt was based on its finding that Stoudt intimidated W.B.[1]

_____

[1] The jury was not instructed on mental incapacity or physical helplessness as possible grounds for finding Stoudt

- 4 -

In order to prove that a defendant intimidated a victim into submitting to a sex act, the evidence must show 1) that the defendant caused his victim to fear some bodily harm if he or she failed to comply with the defendant, or 2) that, under the circumstances, the defendant imposed such a degree of psychological or emotional pressure on a vulnerable and susceptible victim, as to cause that person to submit to the defendant's advances. See Clark v. Commonwealth, 30 Va. App. 406, 410, 517 S.E.2d 260, 262 (1999) (citing Sutton v. Commonwealth, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985)); see also Woodard v. Commonwealth, 27 Va. App. 405, 410, 499 S.E.2d 557, 559 (1998); Clark v. Commonwealth, 12 Va. App. 1163, 1165-66, 408 S.E.2d 564, 566 (1991).

Under either prong of the test for intimidation, the evidence in Stoudt's case failed to support his conviction. Applying the first prong, we note W.B. testified only that Stoudt had made a number of sexually suggestive statements to him and that Stoudt followed him around the work area as W.B. did his job. Although W.B. repeatedly rebuffed Stoudt's advances, W.B. expressed no fear of Stoudt prior to the incident in the restroom. Even then, W.B. stated that he felt fearful

---

guilty. Rather, the court instructed it on "force, threat, or intimidation," and during the instructions the court eliminated force as a possibility, informing the jury that their decision must be based on intimidation or threat.

- 5 -

only as the sexual contact was occurring, and he described his fear as a feeling that he "wasn't really going to be able to tell anybody about it."  There is no evidence that the incident was the result of fearing bodily injury if he refused to comply.

The record also fails to support a finding that Stoudt applied psychological or emotional pressure to a victim who, under the circumstances of the case, was particularly vulnerable to psychological domination.  W.B. testified that he was sexually experienced and that he was confident in his sexual orientation.  He had not met Stoudt until the day the incident occurred, and during the course of the incident he evidenced the ability to refuse Stoudt's advances by pushing Stoudt away and leaving the restroom and, subsequently, by leaving the basement and reporting his distress to his supervisor.  On this record we cannot conclude that W.B.'s will was overborne by psychological or emotional domination.

We accordingly find that the trial court's denial of Stoudt's motion to strike the evidence was error, and we reverse Stoudt's conviction for forcible sodomy and remand to the trial court for further proceedings if the Commonwealth be so advised.

## REHEARING FOR REINSTATEMENT OF PROBATIONARY STATUS

Having found as a matter of law that the evidence offered against Stoudt failed to support his conviction for forcible sodomy, we remand the case for a rehearing on the issue of

Stoudt's probationary status.  See <u>Patterson v. Commonwealth</u>, 12

Va. App. 1046, 1049-1050, 407 S.E.2d 43, 45 (1991).

<u>Record No. 2386-98-4, reversed
 and remanded.</u>
<u>Record No. 2387-98-4, reversed
 and remanded.</u>