COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Agee
Argued at Salem, Virginia


WILLIAM PATRICK BOWER
                                           OPINION BY
v.    Record No. 1376-00-3          JUDGE G. STEVEN AGEE
                                         AUGUST 21, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                     Roy B. Willett, Judge

        Thomas M. Blaylock for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     William Patrick Bower (Bower) was convicted by the Roanoke

County Circuit Court of animate object sexual penetration, in

violation of Code § 18.2-67.2, and of taking indecent liberties

with a child by a person in a custodial relationship, in

violation of Code § 18.2-370.1.  Bower petitioned this Court to

appeal his convictions.  Bower's appeal of the indecent

liberties conviction was denied, and the only matter before this

Court is his appeal of the animate object sexual penetration

conviction.

     He contends the evidence was insufficient to convict him

under Code § 18.2-67.2 because the Commonwealth failed to prove

he employed the required elements of force, threat or

intimidation.  We agree the Commonwealth failed to prove force,

threat or intimidation and, therefore, we reverse the conviction for animate object sexual penetration.

## I.   BACKGROUND

One morning in April 1995, while his thirteen-year-old daughter slept, Bower entered her room and lay down on the bed beside her.  Bower was physically larger than his daughter.  Prior to this time, Bower had never slept in the same bed with his daughter.

Bower put his hand under his daughter's pajamas and underwear, placed his hand on her buttocks, fondled her breasts and inserted his finger into her vagina.  Bower fondled his daughter's breasts for five minutes; his finger remained in her vagina for approximately twenty minutes.  During the entire incident, the daughter was facing away from Bower and pretended to be asleep.  She did not move or give any indication that she was awake.  No communication occurred between Bower and his daughter.  Bower then left the room and his home for the day. The daughter went back to sleep.

The daughter testified that she was so frightened by what happened that she was "too scared to even [tell her] own mother."  After the incident, the daughter made certain that she never went anywhere or slept in her home when she was alone with Bower.  She also testified that her relationship with her father prior to the incident was "a good one."  Bower and his daughter

-

never discussed the incident, and nothing of that nature occurred again.

The daughter did not report the incident to police until 1999. Bower had remarried and fathered a second daughter. Bower's daughter testified that she then made the report because she "didn't want it to happen to [Bower's second daughter]."

Upon his conviction in a bench trial, Bower was sentenced to a term of ten years incarceration, with five years suspended, on the sexual penetration offense, and a term of five years incarceration, all suspended, on the indecent liberties conviction. Presciently, the Commonwealth's Attorney requested the trial court, at the conclusion of the sentencing hearing, to switch the sentences so the active penitentiary time applied to the indecent liberties conviction. The trial judge declined to change the sentences.

## II. STANDARD OF REVIEW

When the sufficiency of the evidence is challenged, we consider all the evidence, and any reasonable inferences fairly deducible therefrom, in the light most favorable to the party that prevailed at trial, which is the Commonwealth in this case. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

-

A trial court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.  <u>See</u> Code § 8.01-680.

### III.  ANALYSIS

Bower's daughter was thirteen years of age at the time of the incident so the Commonwealth bears the burden of proving each of the elements of Code § 18.2-67.2(A)(2) beyond a reasonable doubt.[1]  <u>See</u> <u>Holz v. Commonwealth</u>, 220 Va. 876, 880, 263 S.E.2d 426, 428 (1980).  The Commonwealth conceded at trial and again at oral argument that it produced no evidence of force or threat by Bower toward his daughter.  Therefore, the Commonwealth was required to prove at trial the animate object

---

[1] Code § 18.2-67.2 provides in part:

> A.  An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness who is not his or her spouse with any object, other than for a bona fide medical purpose, or causes such complaining witness to so penetrate his or her own body with an object or causes a complaining witness, whether or not his or her spouse, to engage in such acts with any other person or to penetrate, or to be penetrated by, an animal, and

> 1.  The complaining witness is less than thirteen years of age, or

> 2.  The act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness.

-

sexual penetration was accomplished through Bower's intimidation of his daughter.

Bower contends the evidence at trial was insufficient to prove beyond a reasonable doubt that he "intimidated" his daughter in the context of the animate object sexual penetration statute. The Commonwealth argues that even if direct evidence in the record fails to prove intimidation, the fact of the father-daughter relationship and Bower's greater physical size are sufficient, standing alone, to sustain the conviction. Our examination of the statute, the related criminal sexual assault statutes and the case law confirm Bower's argument. We find the Commonwealth failed to meet the burden of proving intimidation in this case.

We begin our analysis with the Supreme Court of Virginia's decision in Sutton v. Commonwealth, 228 Va. 654, 324 S.E.2d 665 (1985), where the Court defined "intimidation" of the victim under the rape statute, Code § 18.2-61; a statute with identical language to Code § 18.2-67.2.[2]

> Intimidation, as used in the statute, means putting a victim in fear of bodily harm by exercising such domination and control of her as to overcome her mind and overbear her will. Intimidation may be caused by the imposition of psychological pressure on one

---

[2] Both statutes describe the offenses as acts "accomplished against the will of the complaining witness by force, threat or intimidation of or against the complaining witness."

-

who, under the circumstances, is vulnerable
and susceptible to such pressure.

Sutton, 228 Va. at 663, 324 S.E.2d at 670.

In Sutton, a fifteen-year-old physically handicapped girl
was living with her father who "beat her all the time."  To
escape her "horrible" life, she accepted the invitation of her
aunt and uncle to reside with them.  They knew of the young
girl's fear of physical abuse if she returned to live with her
father and that she had no other options for a residence.

Almost from the moment of her arrival, the uncle
persistently solicited the victim for sex, which she refused.
The aunt continually pressured her niece to have sex with the
uncle and threatened to send her back to her father if she
continued to resist.  The niece feared a return to her father's
physical abuse and physical violence from the aunt and uncle
whose violent acts she constantly witnessed.  Out of that fear,
the niece eventually submitted to the uncle while the aunt
watched.  The Supreme Court affirmed the uncle's rape conviction
finding his course of conduct constituted "intimidation" of the
young victim because of her fear of bodily harm.

This Court has applied the Sutton definition of
intimidation in the context of the similarly worded sexual
battery statute, Code § 18.2-67.4, to require "putting a victim
in fear of bodily harm."  See Woodard v. Commonwealth, 27 Va.
App. 405, 410, 499 S.E.2d 557, 559 (1998); Melton Clark v.

-

Commonwealth, 12 Va. App. 1163, 1165, 408 S.E.2d 564, 566 (1991).

Employing the canon of construction that identical language in similar statutes should be interpreted in pari materia, we adopt the same definition of "intimidation" for the purposes of Code § 18.2-67.2 as used in Code § 18.2-61.[3]  "[T]he use of identical language . . . makes it clear that the legislature did not intend for [there to be a] distinction between the two statutes."  Johnson v. Commonwealth, 5 Va. App. 529, 533, 365 S.E.2d 237, 239 (1988).

The Commonwealth argues that Bower's act equates to intimidation because "under the circumstances, [Bower] imposed such a degree of psychological or emotional pressure on a vulnerable and susceptible victim as to cause that person to submit to [his] advances."  To support its argument, the Commonwealth relies primarily on Samuel Clark v. Commonwealth, 30 Va. App. 406, 517 S.E.2d 260 (1999), and Bailey v. Commonwealth, 82 Va. 107 (1886).  These cases are substantially different from the case at bar and clearly distinguishable.

In Samuel Clark, the victim's father was convicted of aggravated sexual battery (Code § 18.2-67.3) and object sexual

_____

[3] The animate object sexual penetration statute is located in article 7, the criminal sexual assault portion of Title 18.2, along with the rape statute and others using identical language. See Code §§ 18.2-67.3 (aggravated sexual battery), 18.2-67.4 (sexual battery).

-

penetration (Code § 18.2-67.2) of his daughter.  We held that force and intimidation were proven in that case where the father would lie on top of his daughter and continuously molest her from age five through her teens.  Because the molestation took place so often and for so long, the victim did not realize the conduct was improper until she learned about sexual abuse in school.  The victim did not confide in anyone or confront her father because her father was her caregiver, he was in poor health and she feared that other members of her family would reject her if she accused him.  The evidence showed that the victim felt isolated, with no frame of reference for proper parental conduct due to the life-long duration of the abuse.  This long-term course of conduct, combined with a finding of actual force, amounted to emotional domination sufficient to constitute intimidation.

We noted that the parental relationship in Samuel Clark was a "highly relevant circumstance," but it was not the sole factor relied on to prove intimidation.  In conjunction with "more force than that required to accomplish the unlawful touching . . . [t]he paternal bond, along with the victim's age and relative isolation from others, impeded her ability to resist her father.  She was vulnerable and susceptible to pressure from her father."  Samuel Clark, 30 Va. App. at 411, 517 S.E.2d at 262.

The Commonwealth also relies on the nineteenth century case, Bailey.  The Supreme Court noted, by dicta, an intimidation factor in Bailey where the fourteen-year-old victim saw her abusing stepfather as "her only protector and guardian." The facts of Bailey, though, are significantly different from the case at bar.

The stepfather physically restrained the victim in order to defile her after she had refused his advances.  He also threatened to beat her if she told anyone.  Actual force and threat were, therefore, used to accomplish the crime, as opposed to the imposition of psychological pressure or other independent acts of intimidation.

The law in Virginia is clear that a finding of intimidation in the context of the criminal sexual assault statutes, including Code § 18.2-67.2, means putting the victim in fear of bodily harm.  See Melton Clark, 12 Va. App. at 1165, 408 S.E.2d at 566.  See also Sutton, 228 Va. at 663, 324 S.E.2d at 670; Woodard, 27 Va. App. at 410, 499 S.E.2d at 559.

In the case at bar, there was no evidence, direct or inferred, of any prior or contemporaneous act, communication or course of conduct by Bower that would place his daughter in fear of bodily harm.  Even if a lower standard was applied of simply showing "domination and control of her as to overcome her mind and overbear her will," there was no evidence to sustain a finding that this occurred.

-

The daughter testified they had a "good relationship" prior to this incident. She never looked, spoke or otherwise made any acknowledgment of Bower's presence or her cognizance of his actions. There is no evidence in the record of any action of Bower, or reaction by his daughter, that reflects "emotional domination" or that she was in fear of bodily harm. While the daughter testified she was afraid to tell anyone about the incident, she did not testify that Bower accomplished the act because she was in fear of bodily harm from him or that she was emotionally dominated by him.

Neither Bailey nor Samuel Clark is analogous to this case. Bailey involved both actual force and threats while Samuel Clark involved force coupled with life-long abuse of the victim. Neither case concerned intimidation as a separate and independent act forming the sole basis for overcoming the victim's will to place the victim in fear of bodily harm.

The record only indicates that the act was probably accomplished by surprise and is devoid of any evidence indicating that a differential in size or age was a factor or that the parent-child relationship created cognizable intimidation of the daughter causing her to submit to Bower. "[F]ear of bodily harm . . . result[s] from the words or conduct of the accused rather than the temperamental timidity of the victim." Harris v. Commonwealth, 3 Va. App. 519, 521, 351

-

S.E.2d 356, 357 (1986); see also Johnson, 5 Va. App. 529, 365 S.E.2d 237.

In effect, the Commonwealth argues that the fact of the parent-child relationship and the fact that Bower was larger than his daughter are sufficient, standing alone, to permit the trial court to infer intimidation and convict Bower. We find no support for interpreting the statute in that manner.

"[P]enal statutes must be strictly construed against the Commonwealth and applied only in those cases clearly falling within the language of the statute." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). "Such statutes cannot be extended by implication or construction, or be made to embrace cases which are not within their letter and spirit." Berry v. City of Chesapeake, 209 Va. 525, 526, 165 S.E.2d 291, 292 (1969); Price v. Commonwealth, 209 Va. 383, 385-86, 164 S.E.2d 676, 678 (1968).

> "Where a statute is unambiguous, the plain meaning is to be accepted without resort to the rules of statutory interpretation." Last v. Virginia State Bd. of Med., 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992). "'Courts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied.'" Barr v. Town & Country Properties, Inc., 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944)). Accordingly, we must "'take the words as written'" in [the statute] and give them their plain meaning. Adkins v. Commonwealth, 27 Va. App. 166, 169, 497 S.E.2d 896, 897 (1998) (quoting

-

Birdsong Peanut Co. v. Cowling, 8 Va. App. 274, 277, 381 S.E.2d 24, 26 (1989)).

Krampen v. Commonwealth, 29 Va. App. 163, 168, 510 S.E.2d 276, 278 (1999).

The General Assembly has established two distinct classes of criminal acts where object sexual penetration is alleged under Code § 18.2-67.2.  In the class of victims under age thirteen, no evidence of force, threat or intimidation is required to be proved as an element of the crime.  However, for all other victims, the Commonwealth must prove beyond a reasonable doubt that the act was accomplished against the will of the victim by force, threat or intimidation.

We find no language in Code § 18.2-67.2 or other relevant statutes that creates a subclass of victims over age twelve where evidence of intimidation, force or threat is sufficiently proved based solely on parentage or size differential.  The Commonwealth must prove beyond a reasonable doubt events or a course of conduct that shows the victim's will has been overcome by such dominion and control as to put the victim in fear of bodily harm.  The Commonwealth did not do so in this case.

While parental status can be a "highly relevant circumstance" as we noted in Samuel Clark, it cannot be the only circumstance.  In a somewhat analogous setting, we declined to infer intimidation under Code § 18.2-67.4 (sexual battery), where the abuser of the minor victim was her teacher, based

-

solely on the defendant's "position of trust as a teacher." Melton Clark, 12 Va. App. at 1166, 408 S.E.2d at 566.  Indeed, in Melton Clark there was more evidence of communication and opportunity to "overbear" the victim's will than in this case.

The statute creates no special class of perpetrators who are parents and to which a different standard of proof applies. The facts that the accused is the victim's parent, and may have been physically larger than the victim, are not sufficient to prove intimidation beyond a reasonable doubt where those are the only factors in evidence.  Such was the case here where no other evidence of intimidation was introduced.

Accordingly, we hold that the evidence was insufficient to convict Bower of violating Code § 18.2-67.2, and his conviction is, therefore, reversed and dismissed.

Reversed and dismissed.