COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Agee
Argued at Salem, Virginia


KIM NOVEL RANKIN

MEMORANDUM OPINION[*] BY
v.    Record No. 3065-00-3        JUDGE LARRY G. ELDER
                                      APRIL 9, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

S. Jane Chittom, Appellate Defender (Public
Defender Commission, on briefs), for
appellant.

Eugene Murphy, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


Kim Novel Rankin (appellant) appeals from his bench trial

conviction for forcible rape of his stepdaughter in violation of

Code § 18.2-61.[1]  On appeal, appellant contends the trial court

erroneously (1) admitted testimony that appellant abused his

spouse, the victim's mother, and (2) concluded the evidence was

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Appellant also was convicted for sexual intercourse with a
child under age thirteen, an offense also involving his
stepdaughter.  Appellant challenged the sufficiency of the
evidence to support that conviction, but we denied his petition
for appeal on that ground.  Thus, we do not consider in this
appeal the sufficiency of the evidence to support that
conviction.

sufficient to prove the force, threat or intimidation necessary to support the conviction for forcible rape.  Assuming without deciding that appellant's first assignment of error is properly before us on appeal, we hold the admission of evidence that appellant abused his spouse, the victim's mother, in the victim's presence, was not error because it was relevant to the "force, threat or intimidation" element required to prove forcible rape.  We also hold that the evidence as a whole, viewed in the light most favorable to the Commonwealth, is sufficient to establish the force, threat or intimidation necessary to support that conviction.  Thus, we affirm appellant's conviction.

A.

EVIDENCE OF SPOUSAL ABUSE

Appellant contends on appeal that the trial court's admission of his former wife's testimony of spousal abuse was error for two reasons.  First, he contends the testimony was not probative of any issue in the case and was highly prejudicial "propensity" evidence.  Second, he contends that this testimony constituted an impermissible attempt to impeach him on a collateral matter because whether he ever hit his former wife during their marriage was "plainly . . . collateral to the issue of whether he forced or threatened [the victim] to make her engage in sexual relations."  Thus, he argues, when he denied

beating his former wife on cross-examination, the Commonwealth was required to take his answer and was not entitled to introduce his former wife's contradictory testimony in rebuttal. We assume without deciding that appellant preserved these objections in the trial court and properly presented them for appellate review. Nevertheless, we hold the admission of the challenged testimony was not error.

Evidence of other bad acts or crimes is not admissible merely to show a defendant's predisposition to commit such acts or crimes. See, e.g., Guill v. Commonwealth, 255 Va. 134, 144, 495 S.E.2d 489, 495 (1998). However, "if such evidence tends to prove any other relevant fact of the offense charged, and is otherwise admissible, it will not be excluded merely because it also shows him to have been guilty of another crime." Williams v. Commonwealth, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962).

Under an established exception to the general rule, such evidence is admissible "to show the conduct and feeling of the accused towards his victim, or to establish their prior relations." Sutphin v. Commonwealth, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). In Morse v. Commonwealth, 17 Va. App. 627, 440 S.E.2d 145 (1994), in which the accused was charged with marital sexual assault, we admitted evidence that the accused "had on numerous previous occasions acted violently toward [his wife] in demanding sexual intercourse." Id. at 632,

440 S.E.2d at 148. We held that evidence of the accused's prior violence toward his wife "tend[ed] to prove that the intercourse in question [between the accused and his wife] was accomplished by conduct that was tantamount to a present threat of force by [the accused] against [his wife]." Id. We held it also tended to establish the wife's motivation for submitting to the demands of the accused, "show[ing] the victim's state of mind 'as to why she did what she did.'" Id.

Here, although the challenged evidence concerned appellant's abuse of someone other than the victim, the facts are sufficiently analogous to Morse to support admissibility of the evidence. Appellant's abuse of his former wife, the victim's mother, in the victim's presence over a period of years was probative of the victim's fear of appellant as it related to the issue of whether appellant used "force, threat or intimidation" against the victim to accomplish the forcible rape for which he was on trial. Code § 18.2-61. The challenged evidence was admissible for that purpose, and absent clear evidence to the contrary, we presume that the trial court followed the law and considered the evidence only for that purpose. See, e.g., Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc).

For similar reasons, the challenged evidence was not barred by the rule restricting impeachment on a collateral matter.

> A witness may be impeached on cross-examination by proof that he has, on a prior occasion, made a statement that is inconsistent with any testimony given by him on direct examination. However, if the subject matter is raised for the first time on cross-examination and is collateral to the issues on trial, it cannot be the basis for impeachment by proof of a prior inconsistent statement.

Waller v. Commonwealth, 22 Va. App. 53, 57, 467 S.E.2d 844, 847 (1996). "'The test as to whether a matter is material or collateral, in the matter of impeachment of a witness, is whether or not the cross-examining party would be entitled to prove it in support of his case.'" Maynard v. Commonwealth, 11 Va. App. 437, 445, 399 S.E.2d 635, 640 (1990) (en banc) (quoting Allen v. Commonwealth, 122 Va. 834, 842, 94 S.E. 783, 786 (1918)).

Here, the subject matter on which the Commonwealth sought to offer the rebuttal evidence was raised for the first time on appellant's cross-examination rather than his direct examination. However, that subject matter, appellant's prior abuse of his former wife, in the presence of her daughter, the victim, was not collateral to the issues on trial. As discussed above, appellant's abuse of his former wife in the victim's presence over a period of years was probative of the victim's fear of appellant as it related to whether appellant used "force, threat or intimidation" against the victim to accomplish

the forcible rape. Appellant's former wife's testimony, although offered in rebuttal, would have been admissible in the Commonwealth's case-in-chief because it was probative of this issue. In fact, the victim herself testified on direct examination in the Commonwealth's case-in-chief that before appellant had intercourse with her for the first time, appellant "had beat on [both her and her mother] before," "[w]hen he was mad and angry and raging, which was often." Appellant posed no objection to this testimony. As discussed above, both the victim's testimony and her mother's testimony about appellant's prior abuse of the victim's mother in the victim's presence was relevant and admissible to prove forcible rape and was not collateral.

## B.

### SUFFICIENCY OF THE EVIDENCE

Code § 18.2-61 provides as follows:

> If any person has sexual intercourse with a complaining witness who is not his or her spouse . . . and such act is accomplished . . . against the complaining witness's will, by force, threat or intimidation of or against the complaining witness or any other person . . . , he or she shall be guilty of rape.

Code § 18.2-61(A)(i).

Appellant contends the evidence was insufficient to prove he used "force, threat or intimidation" against the victim. In

considering this claim, we view the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975). The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

In order to prove force sufficient to support a conviction, "[t]he force must be used to overcome the victim's will. 'There must be evidence of "some array or show of force in form sufficient to overcome resistance."'" Sabol v. Commonwealth, 37 Va. App. 9, 16-17, 553 S.E.2d 533, 536-37 (2001) (quoting Jones v. Commonwealth, 219 Va. 983, 986, 252 S.E.2d 370, 372 (1979) (quoting Davis v. Commonwealth, 186 Va. 936, 946, 45 S.E.2d 167, 171 (1947))). "Threat,"

> [a]s used in the statute, . . . means expression of an intention to do bodily harm. Intimidation may occur without threats. Intimidation, as used in the statute, means putting a victim in fear of bodily harm by exercising such domination and control of her as to overcome her mind and overbear her will. Intimidation may be caused by the imposition of psychological pressure on one who, under the circumstances, is vulnerable and susceptible to such pressure.

Sutton v. Commonwealth, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985). "This fear of bodily harm must derive from some conduct or statement of the accused." Sabol, 37 Va. App. at 18, 553 S.E.2d at 537. Whether the accused used "force[, threat or intimidation] to overcome the victim's will is a factual question, and this Court defers to the fact finder's decision unless plainly wrong." Id. at 17, 553 S.E.2d at 537.

Here, the trial court found that appellant accomplished the intercourse which occurred when the victim was thirteen "through fear and intimidation." The evidence, viewed in the light most favorable to the Commonwealth, supports that finding. Appellant, the victim's stepfather, was the only father the victim had ever known. Appellant repeatedly physically and mentally abused the victim's mother, his former wife, in the presence of the victim and her siblings when the victim and her siblings were small. The victim recounted an incident occurring before her twelfth birthday in which appellant "beat [her] mother . . . into the head of the [brass] bed" until she began to bleed. Sometime before appellant had intercourse with the victim for the first time when she was twelve, he also had beaten the victim. As discussed in Part A above, this evidence was admissible as relevant to the victim's motivation for submitting to appellant's demands. See, e.g., Morse, 17 Va. App. at 632, 440 S.E.2d at 148.

Although appellant did not speak to the victim when he had intercourse with her and apparently used no physical force beyond what was necessary to remove her clothing, the victim testified that she never consented to have intercourse with him and she told him, "I don't want to do this."  Despite her verbal protestations, appellant "continued to force himself on [her]" "as often as possible," "[e]very chance that nobody was home."

Before the victim was thirteen, appellant would "beat on" her, "whip [her] with a belt and jerk [her] by [her] face."  The victim testified that the physical abuse made her fearful of appellant and that she thought "[t]here was nothing she could do" when he forced himself on her.  She testified that when she turned thirteen, appellant "continue[d] to force [her] to have sex . . . [a]s often as he could" and that he continued to have sex with her, "against [her] will," after she became pregnant with and gave birth to his child, all of which occurred while she was thirteen.

Thus, the evidence supports the trial court's finding that appellant "put[] the victim in fear of bodily harm by exercising such domination and control of her as to overcome her mind and overbear her will."  Sutton, 228 Va. at 663, 324 S.E.2d at 670.  A finding of intimidation did not require proof that appellant expressly threatened to do bodily harm to the victim if she

failed to submit to his advances.[2]  Id. at 663, 324 S.E.2d at 669-70.

---

[2] Appellant contends that our holding in Bower v. Commonwealth, 36 Va. App. 382, 551 S.E.2d 1 (2001), compels a finding that the evidence was insufficient to prove the force, threat or intimidation necessary to support his conviction under Code § 18.2-61(A)(i).  We disagree for two reasons.

First, the Supreme Court granted the Commonwealth's petition for appeal of our decision in Bower, see Commonwealth v. Bower, No. 012220 (Va. Sup. Ct. Order of 12/20/01).  Thus, that decision presently has no precedential value.  Cf. Faison v. Hudson, 243 Va. 413, 419, 417 S.E.2d 302, 305 (1992) (holding judgment "not final for purposes of res judicata . . . when it is being appealed"); 21 C.J.S. Courts § 140(b), at 165 (1990) (noting similarities in doctrines of res judicata and stare decisis on principles of law, although recognizing that the former relates only to issues resolved between the parties and their privies whereas the latter applies regardless of the identity of the parties).

Second, Bower is distinguishable on its facts.  Bower involved an accused who was charged with animate object sexual penetration of his thirteen-year-old daughter while she pretended to be asleep, a charge which also required proof that the accused used force, threat or intimidation to accomplish the proscribed act.  Bower, 36 Va. App. at 386, 551 S.E.2d at 3.  In Bower, the evidence established that the victim and her father had a "good relationship" prior to the charged act and that "the act was probably accomplished by surprise."  Id. at 385, 390, 551 S.E.2d at 2, 4, 5.  We "[found] no language in Code § 18.2-67.2 or other relevant statutes that creates a subclass of victims over age twelve where evidence of intimidation, force or threat is sufficiently proved based solely on parentage or size differential."  Id. at 391, 551 S.E.2d at 5.  Because "there was no evidence, direct or inferred, of any prior or contemporaneous act, communication or course of conduct by Bower that would place his daughter in fear of bodily harm," we held the evidence was insufficient to support Bower's conviction. Id. at 389, 551 S.E.2d at 4.

In appellant's case, by contrast, the record was replete with evidence of "prior . . . act[s] . . . or course of conduct by [appellant] that would place his [step]daughter[, the victim,] in fear of bodily harm" if she refused his efforts to have sexual intercourse.  See id.  Thus, the reasoning in Bower supports our affirmance of appellant's conviction.

- 10 -

For these reasons, we affirm appellant's conviction for forcible rape in violation of Code § 18.2-61.

Affirmed.