PRESENT: All the Justices

COMMONWEALTH OF VIRGINIA

v. Record No. 012220      OPINION BY JUSTICE ELIZABETH B. LACY
                                     June 7, 2002

WILLIAM PATRICK BOWER

FROM THE COURT OF APPEALS OF VIRGINIA

The Court of Appeals reversed William Patrick Bower's conviction under Code § 18.2-67.2 of animate object sexual penetration of his thirteen-year-old daughter, holding that there was insufficient evidence that Bower perpetrated the crime through intimidation. We will reverse the judgment of the Court of Appeals and reinstate his conviction because we conclude that the testimonial evidence along with the familial relationship between the defendant and victim, their relative ages and sizes, and the improper touching that preceded the penetration constitute sufficient proof that the conduct of the defendant intimidated the victim in such a way that her will was overcome.

I. FACTS

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

In April 1995 around 8:00 a.m., Bower entered the bedroom of his thirteen-year old daughter, Buffy Brooks Bower. She was lying on her stomach, facing away from the door, and appeared to be asleep. Without saying anything, he lay down next to her. He put his hand underneath her pajamas and fondled her breasts for a period of five minutes. He then placed his hand inside her panties; first resting his hand on her bare bottom and then putting his finger into her vagina for a twenty-minute period. During this episode, Buffy kept facing away and pretending to be asleep until, after a total of about thirty minutes, Bower finally got up and left the room. Buffy went back to sleep.

Buffy testified that after the incident she was "too scared to even [tell her] own mother" what had occurred. She also testified that she had had a good relationship with her father prior to the assault but from that time forward refused to be alone with him.

The Bowers divorced in 1997 after Buffy's mother learned about the assault. Bower remarried and fathered a second daughter. Ultimately, it was concern for her half-sister that induced Buffy to report the incident to the police in 1999.

At trial, Bower waived his right to a jury and was convicted by the trial court of animate object sexual penetration under Code § 18.2-67.2 and taking indecent liberties with a child by a person in custodial or supervisory

2

relationship under Code § 18.2-370.1.  The trial court sentenced Bower to ten-years' imprisonment for the animate object sexual penetration conviction, with five years suspended, and to a five-year sentence for the indecent liberties conviction, suspended in its entirety.

The Court of Appeals granted Bower's appeal of his animate object sexual penetration conviction and reversed that conviction.  The court, referring to this Court's discussion of "intimidation" in Sutton v. Commonwealth,  228 Va. 654, 324 S.E.2d 665 (1985), concluded that "intimidation in the context of the criminal sexual assault statutes, including Code § 18.2-67.2, means putting the victim in fear of bodily harm."  Bower v. Commonwealth, 36 Va. App. 382, 389, 551 S.E.2d 1, 4 (2001).  The court held that, in this case, nothing in Bower's conduct "would place his daughter in fear of bodily harm" and that the evidence would not even support a finding under a "lower standard" that the victim's will was overborne by psychological domination and control.  Id. at 389-90, 551 S.E.2d at 4. Rejecting the proposition that the parent-child relationship and differential in age and size could constitute "cognizable intimidation of the daughter causing her to submit to Bower," the court concluded that Bower "probably accomplished" the offending act by surprise.  Id. at 390, 551 S.E.2d at 5.  We awarded the Commonwealth an appeal.

In Sutton, we considered the meaning of "intimidation" in the context of the rape statute, Code § 18.2-61.  Since the term "intimidation" is consistently used throughout the various statutes dealing with crimes of sexual assault, the Sutton discussion is relevant to our decision in this case.  We described intimidation as

> putting a victim in fear of bodily harm by exercising such domination and control of her as to overcome her mind and overbear her will.  Intimidation may be caused by the imposition of psychological pressure on one who, under the circumstances, is vulnerable and susceptible to such pressure.

228 Va. at 663, 324 S.E.2d at 670.

The Court of Appeals' decision that the Commonwealth failed to meet its burden of proving intimidation was based on two factors:  (1) the absence of evidence other than the parent-child relationship to show emotional domination; and (2) the absence of any conduct by the defendant that would put the victim in fear of bodily harm such that the intimidation element of the crime was met.

The Court of Appeals, while acknowledging that the parent-child relationship can be a "highly relevant" factor when considering intimidation, discounted such evidence as proof of intimidation in this case because there was no other evidence supporting the conclusion that the defendant exercised "emotional domination" over his daughter.  The lack of such

4

emotional domination by Bower was reflected, according to the Court of Appeals, in the daughter's testimony that she had a "good relationship" with her father prior to the assault.

In discussing the psychological pressure that can cause submission through fear in Sutton, we referred to an earlier case, Bailey v. Commonwealth, 82 Va. 107 (1886), "where the intercourse was induced through fear of a person whom the victim was accustomed to obey, such as a person standing in loco parentis." 228 Va. at 663, 324 S.E.2d at 670. In that case, the defendant's conviction for the rape of his fourteen-year old stepdaughter was affirmed. Bailey, 82 Va. at 114. As in Bailey, the "good relationship" between Bower and his daughter in this case could lead the child to submit to the overtures of the parent because a "good relationship" between parent and child can include the child's general obedience to the parent's direction. Therefore, the parent-child relationship was relevant to a determination of intimidation and supported the finding that Bower exercised emotional dominance over his daughter in this case.

The Court of Appeals' holding that the Commonwealth failed to produce sufficient evidence supporting a finding of fear of bodily harm apparently was based on two rationales; however, neither rationale can support the Court of Appeals' result in this case. The first rationale the court apparently applied was

5

a requirement that the requisite fear be a fear of bodily harm separate and apart from the harm experienced in the sexual assault. However, nothing in Sutton or any other case we have decided requires this conclusion.

Sexual assaults are assaults against the body of the victim; they are violent acts which common knowledge tells us inflict bodily hurt on the victim. It defies human experience to conclude that fear of the possibility of bodily injury caused by sexual assault is insufficient "fear of bodily harm" for purposes of establishing sexual assault by intimidation.

Accordingly, the Court of Appeals erred to the extent that it required proof that the victim feared some type of bodily harm other than the harm inherent in the sexual assault.

A second rationale which the Court of Appeals appears to have utilized in finding that there was no evidence of fear of bodily harm was the use of an objective standard for measuring the reasonableness of a victim's fear. Citing its prior cases, the Court of Appeals stated that fear of bodily harm must come from the actions of the defendant, not from the victim's "temperamental timidity." Because nothing in Bower's conduct "would place his daughter in fear of bodily harm," and the victim made no reaction indicating that she was emotionally dominated or fearful, the Court of Appeals concluded that the

6

crime was not perpetrated through intimidation.  <u>Bower</u>, 36 Va. App. at 389-90, 551 S.E.2d at 4-5.

In <u>Sutton</u>, we specifically did not decide whether an objective or subjective standard should be applied in these cases.  We have not done so in subsequent cases, and we need not resolve that issue in this case.  Matters such as the victim's age, the relative size of the defendant and victim, the familial relationship between the defendant and victim, and the vulnerable position of the victim are not matters of the "temperamental timidity" of the victim and are relevant matters to be considered with other testimony when determining whether the victim was put in fear of bodily harm.

Applying the above principles, we conclude that the record is sufficient to support a finding that Bower committed animate sexual penetration by intimidation.  The victim testified that she was "frightened" and "scared" and that the assault hurt. She also testified that her father had never approached her in this manner before, that she pretended to be asleep during the assault, and that, after the assault, she avoided being alone with her father.  This testimony, along with evidence of the parent-child relationship, the age of the victim and the relative sizes of the parties, was sufficient to sustain a finding that the act of sexual abuse occurred through intimidation.

Finally, the Court of Appeals concluded that the act of sexual penetration was accomplished by surprise. This conclusion is not supported by the record. This assault did not occur in a matter of seconds or even a few minutes. The crime charged was preceded by at least five minutes of fondling and continued for almost thirty minutes. The continuation of the defendant's conduct over that period of time is inconsistent with surprise.

For the above reasons, we conclude that the Court of Appeals erred in setting aside the conviction. Accordingly, we will reverse the judgment of the Court of Appeals and reinstate the conviction.

Reversed and final judgment.