HUMPHREYS, J,
with whom BENTON and AGEE, JJ., join, concurring, in part, and dissenting, in part.
I concur with the analysis and holding in Section 11(A) of the majority opinion, as well as the analysis and holding of *324 Section 11(B)(1), but because I would find the evidence insufficient to establish the requisite elements of either force or intimidation to support the charge of animate object penetration, I do not join in the analysis or holding found in Section 11(B)(2) of the majority opinion.
Object sexual penetration may be analogized to the crimes of rape (Code § 18.2-61), forcible sodomy (Code § 18.2-67.1), aggravated sexual battery (Code § 18.2-67.3), and sexual battery (Code § 18.2-67.4), in that each offense requires proof of “force, threat, or intimidation” or “mental incapacity” or “physical helplessness.” Therefore, cases interpreting these sections of the code are useful in discerning the meaning and intent of Code § 18.2-67.2. Wactor v. Commonwealth, 38 Va.App. 375, 380, 564 S.E.2d 160, 162-63 (2002).
Intimidation ... means putting a victim in fear of bodily harm by exercising such domination and control of her as to overcome her mind and overbear her will. Intimidation may be caused by the imposition of psychological pressure on one who, under the circumstances, is vulnerable and susceptible to such pressure.
Sutton v. Commonwealth, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985) (emphasis added).
We have held that any force used by the defendant in committing sexual assault crimes “must be sufficient to accomplish the act as well as to overcome the will of the victim.” Wactor, 38 Va.App. at 381, 564 S.E.2d at 163 (citing Johnson v. Commonwealth, 5 Va.App. 529, 534, 365 S.E.2d 237, 240 (1988)). Thus, “the degree of force required to overcome [the victim’s] will, ‘necessarily dependfs] on the circumstances of each case, taking into consideration the relative physical condition of the participants and the degree of force manifested.’ ” Id. at 382, 564 S.E.2d at 163 (quoting Jones v. Commonwealth, 219 Va. 983, 986, 252 S.E.2d 370, 372 (1979)).
Wactor involved the sexual assault of a 23-year-old woman in a physical rehabilitation center. Wactor, 38 Va.App. at 377, 564 S.E.2d at 161. The woman was substantially physically incapacitated due to cerebral palsy and, thus, we found the *325 evidence sufficient to prove that the defendant, a male nurse employed with the rehabilitation center, committed a sexual assault against her by force. Id. at 388-84, 564 S.E.2d at 164. There is no such similar physical incapacity here. Indeed, although the majority is silent on the issue of whether the element of force is supported by the evidence, I would find that the record fails to demonstrate sufficient evidence of circumstances manifesting the requisite degree of force on this charge.
Furthermore, I would find the evidence on this charge insufficient to establish the requisite degree of intimidation. Although, as the Supreme Court of Virginia stated in Commonwealth v. Bower, 264 Va. 41, 563 S.E.2d 736 (2002), “[i]t defies human experience to conclude that fear of the possibility of bodily injury caused by sexual assault is insufficient ‘fear of bodily harm’ for purposes of establishing sexual assault by intimidation,” the Court did not change the long-standing legal proposition that the fear of bodily harm required to prove intimidation, must be of a sufficient degree to overcome the mind of the victim and “overbear her will.” 264 Va. at 45, 563 S.E.2d at 738; Sutton, 228 Va. at 663, 324 S.E.2d at 670.[4] Accordingly, the degree of fear required to establish intimidation must depend upon the facts and circumstances of each particular case. See Bower, 264 Va. at 46, 563 S.E.2d at 738; see also Jones, 219 Va. at 986, 252 S.E.2d at 372; Mings v. Commonwealth, 85 Va. 638, 640-41, 8 S.E. 474, 475 (1889); Wactor, 38 Va.App. at 382-83, 564 S.E.2d at 163-64.
This case is simply not, as the majority implies, similar to Sutton and Bower. Sutton involved a man’s conviction for the *326 rape of his physically impaired, fifteen-year-old niece, who was in his custody. Sutton, 228 Va. at 658-59, 324 S.E.2d at 667. Furthermore, although Bower directly addressed the issue of intimidation as it relates to charges of animate object sexual penetration, Bower involved a man who was convicted of animate object sexual penetration of his thirteen-year-old daughter. Bower, 264 Va. at 43-44, 563 S.E.2d at 736-38.
The case at bar is inapposite. Indeed, each of the aforementioned cases was based upon facts which established that matters such as the conduct of the defendant, as well as the victim’s age, size, custodial or familial relationship to the defendant, and/or physical impairment, placed the victim in a uniquely vulnerable position, evidencing a degree of force or intimidation sufficient to overbear her mind and will.
The majority analogizes this case to Wactor, finding that Ward, the victim here, was “uniquely vulnerable” because she was lying naked on a massage table, in the “care” of a masseur. The majority thus equates the “custodial” relationship here to that of a parent, a person standing in loco parentis, or to that of a medical caregiver. I do not read Wactor, or any of the decisions underlying the Supreme Court of Virginia’s analysis in Bower, to reach so far.
Here, unlike the cases relied upon by the majority, there was no evidence that Mohajer’s position as a masseur caused Ward to submit to his advances through fear. Further, there was no evidence, direct or circumstantial, of any conduct by Mohajer that would have tended to impose psychological pressure on Ward sufficient to overcome her mind or will. In fact, although Mohajer told Ward he was a police officer and showed her what he purported to be a badge, Ward testified that this fact made her feel more comfortable with Mohajer. Indeed, there was no evidence that Mohajer related to Ward in any type of “official capacity” as a police officer, nor was there evidence that his statement placed psychological pressure upon her to comply with his advances.
Moreover, there was no evidence presented by the Commonwealth to establish that Ward’s age, her size, her physical *327 capability and/or the relationship between herself and Mohajer in any way contributed to her submission to the assault or placed her in a position of unique vulnerability. Instead, the record indicates, at most, that the animate object penetration, which preceded the forcible sodomy, was accomplished by surprise and that Ward was thus, confused and scared, and unable to indicate that she did not consent to Mohajer’s conduct.
Accordingly, I would find that, on these facts, the evidence was insufficient as a matter of law to support the jury’s verdict on the count of animate object penetration, and I would reverse and dismiss Mohajer’s conviction on this count.

. Indeed, as the Supreme Court held in Bower, ”[m]atters such as the victim’s age, the relative size of the defendant and victim, the familial relationship between the defendant and victim and the vulnerable position of the victim ... are relevant matters to be considered with other testimony when determining whether the victim was put in fear of bodily harm.” Bower, 264 Va. at 46, 563 S.E.2d at 738. The Court did not, as the majority implies in its analysis, hold that a sexual act accomplished without consent, in and of itself, is sufficient as a matter of law to establish fear of bodily harm to a degree that would overcome the mind and/or will of the victim.