COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued at Richmond, Virginia


ROBERT CHINN, S/K/A
 ROBERT D. CHINN
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2547-03-2            JUDGE RUDOLPH BUMGARDNER, III
                                                        OCTOBER 5, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ESSEX COUNTY
Buford M. Parsons, Jr., Judge Designate

Steven K. Webb (Jennifer M. Newman; Parcell, Webb &
Wallerstein, P.C.; Jennifer M. Newman, Esq., P.C., on brief), for
appellant.

Paul C. Galanides, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


The trial court convicted Robert Chinn of rape, Code § 18.2-61.[1]  The defendant made a

motion *in limine* to prevent disclosure that he was the victim's uncle.  He maintained the

relationship was not relevant, had no probative value, and was highly prejudicial.  The trial court

denied the motion, after which the defendant entered a conditional plea of guilty.  We conclude

the trial court did not err in denying the motion *in limine* and affirm the conviction.

The victim and her boyfriend went to visit the defendant and his wife at their river

cottage.  The two couples spent several hours on the river, consumed alcohol, had dinner at a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] An accused is guilty of rape when he "has sexual intercourse with a complaining
witness who is not his . . . spouse . . . and such act is accomplished (i) against the complaining
witness's will, by force, threat or intimidation of or against the complaining witness."  Code
§ 18.2-61(A).

friend's house, and then returned to the defendant's cottage around midnight. The defendant and the victim decided to go to a nearby cottage where they heard music. The other two decided not to go because they were tired. The defendant and the victim left in a golf cart, but the defendant did not drive it to the neighboring cottage. He drove to a secluded area and began kissing the victim. She protested, pushed him, and repeatedly said no. The defendant forcibly removed her shorts and underpants, raped, and sodomized her.

When the defendant returned the victim to his cottage, she immediately told the boyfriend about the attack. He took her to a hospital where a sexual assault nurse examined her and police interviewed her. DNA testing revealed the defendant's sperm in her vagina. The next morning, the defendant told investigators that the victim and he only engaged in consensual kissing and petting. He denied they had intercourse, but ultimately he admitted having intercourse, though he claimed that she consented.

The defendant was the fifty-two-year-old uncle of the twenty-one-year-old victim. The trial court ruled that the fact of the relationship would be admissible at trial. The judge noted the relationship explained "why she would be in the particular place she put herself at, at the time. Even though that turns out to be a predicament [for the defendant] . . . it goes to this issue of consent and I think it has some probative value."

The Commonwealth had to prove the defendant had sexual intercourse with the victim, who is not his spouse, against her will by force, threat, or intimidation. Code § 18.2-61; Sutton v. Commonwealth, 228 Va. 654, 662, 324 S.E.2d 665, 669 (1985). Whether the act was accomplished by force, threat, or intimidation is a question of fact. Snyder v. Commonwealth, 220 Va. 792, 796, 263 S.E.2d 55, 58 (1980). During oral argument, the defendant conceded the relationship was probative of consent.

The Commonwealth maintained the victim willingly accompanied the defendant late at night because he was her uncle not because she was interested in a sexual relationship. Their kinship explained the victim's presence at the defendant's house, her conduct towards him throughout the evening, and her willingness to accompany him in a remote area at night. It bore on the issues of fear or intimidation, and lack of consent. Revealing the relationship eliminated any speculation about why they had the same last name.

The defendant contends the evidence was unduly prejudicial. "All evidence tending to prove guilt is prejudicial to an accused, but the mere fact that such evidence is powerful because it accurately depicts the gravity and atrociousness of the crime or the callous nature of the defendant does not thereby render it inadmissible." Powell v. Commonwealth, 267 Va. 107, 141, 590 S.E.2d 537, 558 (2004). The Commonwealth was entitled to present a complete story of what happened that night with all facts that pertain to whether the victim consented. A defendant is not entitled "to have the evidence 'sanitized' so as to deny the jury knowledge of all but the immediate crime for which he is on trial." Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 577 (1984).

The defendant acknowledges the family relationship would be admissible if the victim were a minor. See Commonwealth v. Bower, 264 Va. 41, 46, 563 S.E.2d 736, 738 (2002); Cairns v. Commonwealth, 40 Va. App. 271, 294, 579 S.E.2d 340, 351 (2003). "Matters such as the victim's age, the relative size of the defendant and victim, the familial relationship between the defendant and victim, . . . are relevant matters to be considered with other testimony when determining whether the victim was put in fear of bodily harm." Bower, 264 Va. at 46, 563 S.E.2d at 738. We do not see why family relationship would be admissible to determine consent by a minor but not to determine consent by an adult. The danger of inflammatory prejudice would be greater when the victim of a sexual crime is a minor than when the victim is an adult.

The probative value of relevant evidence must outweigh its potential for prejudice to the defendant.  Ward v. Commonwealth, 264 Va. 648, 654, 570 S.E.2d 827, 831 (2002).  The determination of that potential is committed to the sound discretion of the trial court.  Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 617 (1990).  "[W]e will not disturb a trial court's exercise of discretion in balancing those competing considerations absent a clear abuse of discretion."  Orbe v. Commonwealth, 258 Va. 390, 402, 519 S.E.2d 808, 815 (1999) (photographs admissible even though defendant stipulated to cause of death).  We find no abuse of discretion.  Accordingly, we affirm.

Affirmed.