COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Clements and Haley
Argued at Chesapeake, Virginia


DENORY A. BELL

                                        MEMORANDUM OPINION[*] BY

v.       Record No. 1813-06-1          JUDGE ROBERT J. HUMPHREYS
                                             DECEMBER 18, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Charles E. Haden for appellant.

Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Denory Bell ("Bell") appeals his conviction of two counts of forcible sodomy, in violation of Code § 18.2-67.1. Bell argues that the trial court erred in denying his motion to strike because the Commonwealth's evidence was insufficient to prove forcible sodomy. Specifically, Bell argues that the Commonwealth's evidence failed to prove intimidation, as required by the statute. We hold that the evidence was sufficient to prove the required intimidation, and affirm Bell's convictions.

Code § 18.2-67.1 provides:

> An accused shall be guilty of forcible sodomy if he or she engages in cunnilingus, fellatio, anilingus, or anal intercourse with a complaining witness . . . and . . . [t]he act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Bell does not deny that he engaged in oral and anal sodomy with the victim, R.C. Rather, he argues that the Commonwealth did not present evidence sufficient to prove that it was accomplished against R.C.'s will "by force, threat or intimidation." Id.

> In addressing the sufficiency of the evidence in a criminal case, the proper standard of review requires an appellate court to "presume the judgment of the trial court to be correct," and to reverse such decision only if the trial court's decision is "plainly wrong or without evidence to support it."

Wright v. Commonwealth, 49 Va. App. 312, 316-17, 641 S.E.2d 119, 121 (2007) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "'If there is evidence to support the conviction,' we will not substitute our judgment for that of the trier of fact, even were our opinion to differ." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 168 (2002) (quoting Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998)).

"Intimidation requires 'putting a victim in fear of bodily harm by exercising such domination and control of her as to overcome her mind and overbear her will. Intimidation may be caused by the imposition of psychological pressure on one who, under the circumstances, is vulnerable and susceptible to such pressure.'" Sabol v. Commonwealth, 37 Va. App. 9, 18, 553 S.E.2d 533, 537 (2001) (quoting Sutton v. Commonwealth, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985)). "Intimidation differs from threat in that it occurs *without* an express threat by the accused to do bodily harm." Bivins v. Commonwealth, 19 Va. App. 750, 753, 454 S.E.2d 741, 742-43 (1995) (emphasis added). "'[P]roof that the victim feared some type of bodily harm other than the harm inherent in the sexual assault' is not required." Cairns v. Commonwealth, 40 Va. App. 271, 294, 579 S.E.2d 340, 351 (2003) (quoting Commonwealth v. Bower, 264 Va. 41,

46, 563 S.E.2d 736, 738 (2002)).  In fact, "[i]t defies human experience to conclude that fear of the possibility of bodily injury caused by sexual assault is insufficient 'fear of bodily harm' for purposes of establishing sexual assault by intimidation."  Bower, 264 Va. at 45, 563 S.E.2d at 738.

Several factors are relevant to the consideration of whether intimidation occurred.  "Matters such as the victim's age, the relative size of the defendant and victim, the familial relationship between the defendant and victim, and the vulnerable position of the victim . . . are relevant matters to be considered with other testimony when determining whether the victim was put in fear of bodily harm."  Id. at 46, 563 S.E.2d at 738.   The victim's isolation from family members is also a relevant consideration in determining intimidation.  Clark v. Commonwealth, 30 Va. App. 406, 411, 517 S.E.2d 260, 262 (1999).

Here, a number of facts support the trial court's finding of intimidation.  Bell assumed a parental role in R.C.'s upbringing when R.C. was thirteen.  Bell used his authority over R.C. to subtly and methodically introduce R.C. to pornography, masturbation, and homosexual acts.  Eventually, Bell required R.C. to perform sexual acts as a means of punishment.  R.C. testified that he engaged in the sexual acts because Bell "made me feel like I didn't have any choice."

Bell assumed an even more authoritarian role in R.C.'s life when he was given custody of R.C. and the two moved into an apartment alone.  Bell isolated R.C. from his friends and family making him more vulnerable to Bell's manipulations.  Bell refused to allow R.C. to use the telephone for anything other than "business."  R.C. could not contact his family without using a friend's cell phone.  Bell often kept R.C. at home "on restriction" and refused to allow R.C. to leave the house for days or weeks at a time.  Based on that evidence, it is clear that the trial court could find that Bell used his position of authority to coerce R.C. into engaging in sexual acts

against his will.  The trial court was not plainly wrong in finding the evidence sufficient to prove that Bell engaged in sodomy with R.C., against R.C.'s will, through the use of intimidation.

We therefore affirm the trial court's decision that the evidence was sufficient as a matter of law to support the verdicts in this case.

<u>Affirmed.</u>