COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


SAMUEL DAN CLARK
                                          OPINION BY
v.    Record No. 0240-98-1      JUDGE JERE M. H. WILLIS, JR.
                                       AUGUST 3, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                William F. Rutherford, Judge

          Kimberly L. Shoemaker (Zoby & Broccoletti,
          P.C., on brief), for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (Mark L. Earley, Attorney General,
          on brief), for appellee.


     On appeal from his convictions of aggravated sexual

battery, in violation of Code § 18.2-67.3, and object sexual

penetration, in violation of Code § 18.2-67.2, Samuel Dan Clark

contends the evidence of intimidation was insufficient to

sustain the convictions.  We disagree and affirm the judgment of

the trial court.

     A jury convicted Clark of two counts of aggravated sexual

battery, in violation of Code § 18.2-67.3; taking indecent

liberties with a minor while in a custodial relationship, in

violation of Code § 18.2-370.1; animate object sexual

penetration, in violation of Code § 18.2-67.2; and sodomy, in

violation of Code § 18.2-67.1.  Clark was sentenced to a total

of thirteen years imprisonment.  This appeal involves one count of aggravated sexual battery and the object sexual penetration count, for which Clark was sentenced to six years imprisonment.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The victim is Clark's daughter.  Her parents separated when she was nine years old and in the fourth grade.  She went initially to live with her mother, but Clark obtained her custody when he and her mother were divorced.  When the victim was in her late teens, she told her mother that Clark had been abusing her sexually since she was five years old.  She reported that soon after she returned to Clark's home following the divorce, he began touching her chest and vagina and performing oral sodomy on her.  She testified that she always pretended to be asleep during these acts and that she never challenged or questioned these acts until she was older.

I.  AGGRAVATED SEXUAL BATTERY

Clark contends that the evidence fails to support his conviction for the second count of aggravated sexual battery. This count was based on conduct occurring between October 20, 1990, through October 20, 1995, embracing the time when the victim was between thirteen and fifteen years of age.  Clark argues that the evidence did not prove that his conduct during

-

this time frame was accomplished against the victim's will by force, threat, or intimidation.

Code § 18.2-67.3 states, in relevant part:

> A. An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and

> \* \* \* \* \* \* \*

> 2. [t]he act is accomplished against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness.

Code § 18.2-67.3.

Our standard of review is well settled.

> When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.

Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988) (citations omitted).

The victim testified that Clark would lie on top of her at night while touching her intimate parts. This conduct constituted force and was more force than "that . . . required to accomplish the unlawful touching." Johnson v. Commonwealth, 5 Va. App. 529, 534, 365 S.E.2d 237, 240 (1988). Moreover, the evidence supported the finding that Clark accomplished his conduct through intimidation. The victim's testimony supported

-

the finding that he exercised "such domination and control of her as to overcome her mind and overbear her will. Intimidation may be caused by the imposition of psychological pressure on one who, under the circumstances, is vulnerable and susceptible to such pressure." Sutton v. Commonwealth, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985).

The victim testified that Clark began molesting her when she was very young. Because he did this so often and for so long, she did not realize his conduct was improper until she learned about sexual abuse in a sex education class at school. Even after she learned the conduct was wrong, she allowed it to continue because she was unable to confront her father. He was in poor health. For many years, he had been her primary caregiver. She had always gone to him when she had problems, because her mother was unreliable and was rarely accessible to her. She thought that the other members of her family would reject her if she accused her ailing father. She felt isolated, with nowhere to turn. This testimony described circumstances of emotional domination sufficient to constitute intimidation.

Clark argues that the paternal relationship is insufficient to prove intimidation. In this case, however, it is a highly relevant circumstance, which was properly considered by the jury. See Sutton, 228 Va. at 663, 324 S.E.2d at 670. The paternal bond, along with the victim's age and relative isolation from others, impeded her ability to resist her father.

-

She was vulnerable and susceptible to pressure from her father. Those circumstances support the finding that her will was overcome.  See Bailey v. Commonwealth, 82 Va. 107, 112 (1886).

The victim's description of the force employed by Clark and the intimidating circumstances under which he sexually abused her sufficiently support the finding that the sexual abuse was accomplished against her will.

## II.  OBJECT SEXUAL PENETRATION

Clark contends that the evidence was insufficient to support his conviction for object sexual penetration. Code § 18.2-67.2(A) states, in relevant part:

> An accused shall be guilty of . . . object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness who is not his or her spouse with any object . . ., and
>
> *     *     *     *     *     *     *
>
> 2.  [t]he act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness.

Code § 18.2-67.2(A).  Clark contends that no evidence proves that he accomplished sexual penetration by force, threat or intimidation.  However, he did not address this issue before the trial court in his motion to strike the object sexual penetration count.  His counsel argued only that this count should be stricken because no evidence proved the absence of a

-

marital relationship between the victim and Clark and that the evidence failed to support the wording of the indictment.  An objection made at trial on one ground does not preserve for appeal a contention on a different ground.  See <u>Floyd v. Commonwealth</u>, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978); <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).  Because Clark did not raise this issue with specificity in the trial court, we will not address it on appeal.  <u>See</u> Rule 5A:18.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-