COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and Senior Judge Bray


DARRELL WILLIAMS, S/K/A
 DARRELL WAYNE WILLIAMS

                                     MEMORANDUM OPINION* BY
v.    Record No. 0636-02-1          JUDGE ROBERT P. FRANK
                                        FEBRUARY 11, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                  William H. Hodges, Judge Designate

            (Schoen R. Parnell; Christopher P. Reagan, on
            brief), for appellant.  Appellant submitting
            on brief.

            (Jerry W. Kilgore, Attorney General;
            Richard B. Smith, Senior Assistant Attorney
            General, on brief), for appellee.  Appellee
            submitting on brief.


     Darrell Wayne Williams (appellant) was convicted in a bench

trial of driving after having been declared an habitual offender,

second or subsequent offense, in violation of Code § 46.2-357.  On

appeal, he contends the trial court erred in denying his motion

for a continuance so that the judge who accepted his guilty plea

could sentence him.[1]  For the reasons stated, we affirm the trial

court's judgment.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] While appellant also argues the matter should have been
continued for other reasons, the appeal was denied on the
additional reasons.  Therefore, we will not consider those
reasons.  See Code § 17.1-407(D); Rule 5A:15.

The precise issue before us, i.e., the question granted from appellant's petition for appeal, is "Did appellant have a right to be sentenced by a judge who was familiar with him and his situation, i.e. the trial judge?" (Emphasis added.) This argument was not preserved at trial.

In his motion for a continuance, appellant's counsel argued:

> All three of our judges are somewhat familiar with my client. Some more than others. I understand your Honor probably has never seen Mr. Williams before. He's got a fairly extensive and serious medical condition, which I would like the court to take a little bit of time in reviewing the medical documentation. Because you're not familiar with my client I might ask the court to at least, for this reason, to reconsider my motion to continue for a couple of weeks. I'm out the next two weeks, but right beyond that we might be able to get one of our judges who is familiar with Mr. Williams and his condition, and might be able to consider that.

Counsel did not argue that he had a right to be sentenced by the original judge who took the plea. Indeed, by suggesting that the other judges of that circuit were "somewhat familiar with my client" and basing his motion for a continuance on that fact, appellant clearly indicated he would accept being sentenced by a judge other than the original judge. We, therefore, will not address appellant's contention that he had a right to be sentenced by the original trial judge. See Rule 5A:18; Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999). "On appeal, though taking the same

-

general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court."  West Alexandria Prop., Inc. v. First Virginia Mortgage & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980).

As appellant did not preserve the argument granted on appeal, we affirm his conviction.

Affirmed.

-