COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Frank


JAY FRANKLIN HOGSTON

MEMORANDUM OPINION* BY
v.        Record No. 3232-02-3        CHIEF JUDGE JOHANNA L. FITZPATRICK
NOVEMBER 25, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
John J. McGrath, Jr., Judge

(R. Darren Bostic; Bostic & Bostic, PC, on brief), for appellant.
Appellant submitting on brief.

(Jerry W. Kilgore, Attorney General; Margaret W. Reed, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.


Jay Franklin Hogston (appellant) was convicted in a jury trial of possession of cocaine, in

violation of Code § 18.2-250(A)(a). He contends the evidence was insufficient to prove he

constructively possessed the cocaine. For the following reasons, we affirm appellant's

conviction.

## I. BACKGROUND

"When considering the sufficiency of the evidence on
appeal of a criminal conviction, we must view all the evidence in
the light most favorable to the Commonwealth and accord to the
evidence all reasonable inferences fairly deducible therefrom. The
jury's verdict will not be disturbed unless plainly wrong or without
evidence to support it."

Hucks v. Commonwealth, 33 Va. App. 168, 177, 531 S.E.2d 658, 662 (2000) (quoting Clark v.

Commonwealth, 30 Va. App. 406, 409-10, 517 S.E.2d 260, 261 (1999)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Properly viewed, the evidence established that on December 27, 2001, appellant was arrested on outstanding warrants after he exited from a car at the Family Convenience Store. Appellant was the sole occupant and driver of the car. After the arrest, Officer Christopher S. Showalter searched appellant's car where he found a crack pipe and a small corner of a plastic baggie containing cocaine. Showalter found the crack pipe "in the driver's door in a compartment there" and when asked to describe the compartment in more detail stated, "it was like a little panel there on the side of the door." Showalter also said the pipe was in plain view, "when I opened the door I looked down and there it was." He also recovered

> a small plastic baggie corner which contained white residue which was located on the, [sic] it would still be on the driver's side floor board but up on the side of the hump which is normally where your gear shift would be. It was like stuck to the carpet right in front of the driver's seat.

Appellant was indicted for possession of cocaine. At trial, the titled owner of the car, Alvin Dove, testified he gave possession of the car to appellant two months earlier in October. Appellant was making payments to him and "when [appellant] got it paid for the car was [appellant's]." When shown the pipe and baggie, Dove said they were not in the car when he gave it to appellant. Appellant testified he did not own the car he was driving the night of his arrest and denied it was his cocaine or his crack pipe. He said he lent the car to Andre Pharr, who drove it to see a friend, Matthew Swain, and that Pharr and Swain used drugs. Neither Pharr nor Swain testified at trial. Appellant admitted he was a five-time convicted felon.

The jury returned a verdict of guilty, and appellant appeals that conviction.

## II. SUFFICIENCY OF THE EVIDENCE

Appellant contends the evidence was insufficient to convict him of possessing the cocaine because the Commonwealth failed to exclude every reasonable hypothesis of innocence. We disagree.

- 2 -

"The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).

"Where circumstantial evidence is sufficient to exclude every reasonable hypothesis of innocence, it is sufficient to support a conviction. The hypotheses which must be thus excluded are those which flow from the evidence itself, and not from the imaginations of defense counsel." Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 328 (1983) (citing Turner v. Commonwealth, 218 Va. 141, 148-49, 235 S.E.2d 357, 361 (1977)).

> "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

Langston v. Commonwealth, 28 Va. App. 276, 285, 504 S.E.2d 380, 384 (1998) (citations omitted).

"In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citing Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (*en banc*)). Credible evidence supports the jury's finding that appellant possessed the pipe and baggie containing the cocaine residue. Appellant was the driver and sole occupant of the car. While not the titled owner, he was purchasing the car and had sole possession of it for two months. The car's owner stated the pipe and baggie were not his and they were not in the car when he gave it to appellant. Additionally, the pipe and baggie were in plain view on the driver's side of the car. The jury was entitled to disregard the testimony of appellant, a five-time convicted felon, that he lent the car to

someone else and that the pipe and cocaine belonged to someone else.  Thus, we hold that the

evidence was sufficient to prove appellant knowingly possessed the cocaine at the time of his

arrest.

For the foregoing reasons, we affirm.

Affirmed.