COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


JOHNNY NORFLEET MONTAGUE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2236-03-1                        JUDGE SAM W. COLEMAN III
                                                         NOVEMBER 2, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                           David F. Pugh, Judge

        Robert Bruce Jones for appellant.

        Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        The sole question presented in this appeal is whether the evidence was sufficient to prove

that Johnny Norfleet Montague committed forcible sodomy through the use of force, threat, or

intimidation.  Finding the evidence sufficient, we affirm the trial court's judgment.

                                        I.  Facts

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  "The credibility of the

witnesses and the weight accorded the evidence are matters solely for the fact finder who has the

opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20

Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence established that a fourteen-year-old boy worked for Montague at Montague's barbershop. For several months prior to the crimes, the boy had worked most weekends and some weekdays cleaning the barbershop. On April 10, 2003, the boy arrived for work at 9:00 p.m. and sat down while Montague talked on the telephone with the boy's mother. Thereafter, Montague went to a store and returned with a six or seven inch bottle of "Smirnoff" alcoholic beverage. Montague gave the boy the Smirnoff and told him to drink it. The boy had never before consumed alcoholic beverages, but did as he was told and drank all of it. Montague showed him a "Playboy book" containing pictures of naked women. The boy ripped out one of the pictures and put it in his pocket so he could show his mother what Montague had been showing him. Montague then told the boy to accompany him to a store where Montague bought him candy and bought two bottles of Mad Dog wine. Montague gave the boy the bottle of "Peaches and Cream" Mad Dog and told him to drink it. After the boy finished that bottle, Montague gave him the other, larger bottle of "Red Banana" Mad Dog and told him to drink it. The boy drank some of this bottle of Mad Dog but did not finish it. He realized he "didn't feel the same." Montague then lit marijuana that was "rolled up like a cigar" and told the boy to smoke it. The boy smoked the marijuana.

Montague removed the boy's shirt and began rubbing massage oil on his back. The boy testified that he felt "weird" and that he did not feel he could do anything about what was happening because he was "scared" and had never "felt like that." Montague unzipped the boy's pants, pulled them down, and then pulled down his own pants. Montague "put his rear end towards [the boy's] private" and pushed the boy's body "like to force [the boy's] privates into his butt." The boy's penis went inside Montague's "butt" and then the boy pulled away. Montague turned around and sucked the boy's penis. The boy told Montague to stop, said he had to go to the bathroom, and ran out the back door of the barbershop.

- 2 -

When the boy arrived home, he was upset and crying and told his mother what had happened. His mother testified he was "pulling on himself and trying to wipe himself off" and "was just going crazy." She called the police. When the police arrived, the boy appeared to be highly intoxicated, had glassy eyes, smelled of alcohol, had slurred speech and was unsteady on his feet. He was "very upset and violent," was disorderly, and had to be restrained to calm him down. The police found a picture of a naked woman in the boy's left front pocket. Testing at the hospital revealed that the boy's blood alcohol content was .14 and that DNA from his pubic area contained material consistent with Montague's DNA profile.

In a telephone conversation with the boy's mother, Montague denied doing anything "like that." The boy's mother went to Montague's barbershop, found alcohol bottles in the dumpster, and found the boy's coat inside the barbershop. In a statement to the police, Montague acknowledged that the boy had been at his barbershop but denied having any contact with him.

The trial judge convicted Montague of two counts of forcible sodomy.

## II. Analysis

Code § 18.2-67.1 provides, in part, that an accused shall be guilty of forcible sodomy if "[t]he act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness." In order to prove a defendant intimidated a victim into submitting to a sex act, the evidence must show either that the defendant caused the victim to fear bodily harm if he failed to comply, or that under the circumstances, the defendant imposed such a degree of psychological or emotional pressure on a vulnerable and susceptible victim, as to cause the victim to submit to the defendant's advances. See Clark v. Commonwealth, 30 Va. App. 406, 410, 517 S.E.2d 260, 262 (1999) (citing Sutton v. Commonwealth, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985)). Relevant factors to consider in

determining whether the victim was vulnerable and susceptible to the imposition of psychological pressure include the victim's age, the relative size of the defendant and victim, and the vulnerable position of the victim. Benyo v. Commonwealth, 38 Va. App. 650, 655, 568 S.E.2d 371, 373 (2002) (citation omitted).

The evidence proved that the boy was rendered highly intoxicated from consuming alcoholic beverages and smoking marijuana. He consumed these substances as his employer directed and became intoxicated. He had never before consumed alcohol, and he began to realize he "didn't feel the same." The evidence proved he was "scared." In determining whether the boy was vulnerable to the psychological and emotional pressure used by Montague, the trier of fact could consider the employer-employee relationship as a relevant circumstance. In fact, the fact finder could reasonably infer that an employer has some undue influence over a young employee. Cf. Clark, 30 Va. App. at 410-11, 517 S.E.2d at 262 (paternal relationship is a highly relevant circumstance of intimidation to be considered by the fact finder).

Thirty-two-year-old Montague weighed 180 pounds, was 5'10", and was "of a much different size" than the fourteen-year-old boy. The evidence proved Montague pulled down the boy's pants and committed sexual acts upon him, while preventing the boy from leaving and while the boy was in a highly intoxicated condition. This evidence was sufficient to prove the boy was intimidated into submitting to Montague's sexual acts through undue influence on the young, inexperienced and highly intoxicated boy.

On these facts, the fact finder could find beyond a reasonable doubt that Montague psychologically pressured and emotionally dominated his younger, smaller, intoxicated employee, and intimidated him into submitting to his sexual advances. Accordingly, we affirm the sodomy convictions.

Affirmed.