COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges McCullough and Huff
Argued at Alexandria, Virginia


REGINALD CORNELIUS LATSON

MEMORANDUM OPINION[*] BY
v.        Record No. 1270-11-4            JUDGE GLEN A. HUFF
                                          JUNE 19, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Alfred D. Swersky, Judge Designate

W. Andrew Harding (Eldridge, Elledge, Evans & Harding, PLC, on
brief), for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


Reginald Cornelius Latson ("appellant") appeals his conviction of statutory burglary with

the intent to commit assault and battery, in violation of Code § 18.2-91.  Following a jury trial in

the Circuit Court of Stafford County ("trial court"), appellant was sentenced to seven months'

imprisonment.  On appeal, appellant contends that the trial court erred in finding the evidence

sufficient to support the conviction.[1]  For the following reasons, we affirm the judgment of the

trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] During oral argument, appellant withdrew his second assignment of error challenging
the trial court's finding that the charge of breaking and entering was not barred, pursuant to Code
§ 19.2-294, by appellant's prior conviction of assault arising from the same offense.  This
argument was not raised in appellant's petition for appeal, and thus was not granted by this
Court.  Rule 5A:12.

# I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (citation omitted). So viewed, the evidence is as follows.

On November 23, 2009, appellant rang the doorbell to the residence where Brandon Scott ("Scott") lived with his mother, Victoria Scott-Sterner ("Scott-Sterner"), and stepfather, Michael Sterner ("Sterner"). Scott looked through the front window to see who was at the door, but could only see appellant's shirt sleeve. After Sterner told Scott to "go ahead" and open the door, Scott opened it "[a] little bit over a foot." At this point, appellant punched Scott in the forehead, causing Scott to stumble backwards. Following Scott into the home, appellant pushed him against a wall with such force that Scott broke the wooden frame of a hanging mirror. Appellant then threw Scott onto the floor, where he began punching Scott's head and face. As Scott lay on the floor, Sterner tried to restrain appellant and told Scott-Sterner to contact the police.

After grappling with appellant for several minutes, Sterner pushed him out of the home and closed the door, leaving Sterner and appellant outside. As Sterner tried to keep appellant from re-entering the home, Sterner also called the police from his cell phone. When police officers arrived at the residence, Sterner observed appellant become more subdued. By now, Sterner recognized appellant as a neighbor who lived three houses away.

Scott testified at trial that he knew appellant but had not spoken to him in approximately two years, nor did he expect appellant to come to his home on the date of the offense. Scott also testified that when he opened the door, he stood blocking appellant's entry into the house. Scott further recalled the door being "wide open" after appellant followed him into the house.

D.C. Colona ("Colona"), a deputy with the Stafford County Sheriff's Office, responded to the residence on November 23, 2009. Colona testified at trial that appellant confessed, while handcuffed in the back of a police car, to having "started the incident" because Scott "was talking smack at the bus stop." During this conversation, appellant also confirmed to Colona that "he had gone over to the residence, rang the doorbell, [and] when [Scott] opened the door, . . . punched him in the face."

At the conclusion of the Commonwealth's evidence, appellant made motions to strike on the basis that the evidence was insufficient to prove appellant broke into the residence. Specifically, appellant argued that "without testimony of how the door was opened, . . . there hasn't been any testimony that there was a breaking at all. There was testimony that [Scott] was punched, a fist came in, but nothing as to how that door was opened." The trial court denied the motions, and the jury found appellant guilty of statutory burglary. The trial court imposed the jury's recommended sentence of seven months' imprisonment. This appeal followed.

## II. STANDARD OF REVIEW

"When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Wood v. Commonwealth, 57 Va. App. 286, 296, 701 S.E.2d 810, 815 (2010) (citation omitted). Under this standard, the reviewing court asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

## III. ANALYSIS

On appeal, appellant contends that the trial court erred in finding the evidence sufficient to convict him of statutory burglary, in violation of Code § 18.2-91. Specifically, appellant argues the evidence failed to establish that he broke into the residence within the meaning of

Code § 18.2-91.  In the alternative, appellant argues that even should this Court find he broke into the residence, he lacked the intent to commit assault and battery as required to sustain a conviction of statutory burglary.  In response, the Commonwealth asserts that appellant failed to preserve his alternative argument on this issue for appellate review, but that the evidence was sufficient to support his conviction.

### A.  Procedural Bar

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."  Rule 5A:18; see Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an argument on appeal which was not presented to the trial court." (citation omitted)). "A general argument or an abstract reference to the law is not sufficient to preserve an issue." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc) (citations omitted).  In keeping with this principle, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review."  Id. at 760-61, 589 S.E.2d at 448 (citing Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999), for the proposition that "preserving one argument on sufficiency of the evidence does not allow argument on appeal regarding other sufficiency questions").

In support of his motions to strike, appellant argued at trial that he had not broken into the house as proscribed under Code § 18.2-91.  Specifically, he asserted the evidence failed to establish Scott had not opened the door wide enough for appellant to enter the house without using force.  On appeal, however, appellant also contends he lacked the intent to commit assault and battery inside the home.  In support of this contention, appellant argues that the assault and battery inside the residence merely "continued" the outdoor confrontation.  Yet, he failed to raise this argument at any point during his motions to strike before the trial court.  Thus, Rule 5A:18

- 4 -

bars our consideration of this argument.[2]  Accordingly, we only address the sufficiency of the evidence to prove that a breaking occurred.

## B.  Sufficiency of the Evidence

Code § 18.2-91 provides that "if any person commits any of the acts mentioned in [Code] § 18.2-89 or [Code] § 18.2-90 with intent to commit assault and battery, he shall be guilty of statutory burglary . . . ."  See Code § 18.2-90 (proscribing the acts of "in the nighttime enter[ing] without breaking or in the daytime break[ing] and enter[ing]").  Under settled principles, "'breaking involves the application of some force, slight though it may be, whereby the entrance is effected.  Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of the crime.'"  Phoung v. Commonwealth, 15 Va. App. 457, 460, 424 S.E.2d 712, 713-14 (1992) (citation omitted).

In view of these principles, we conclude the trial court did not err in finding that the evidence in this case was sufficient to prove appellant broke into the residence.  Scott testified that he opened the door "[a] little bit over a foot" and stood blocking appellant's entrance. Appellant then punched Scott through the entry space and followed him into the house.  At that point, Scott recalled the door being "wide open."  Scott had not, however, opened the door further to allow appellant access into the house.  To the contrary, Scott already had been propelled backward as a result of the initial blow inflicted by appellant.  Based on the foregoing, the trial court reasonably inferred that appellant had applied some force to the door in order to enter the house.  See Johnson v. Commonwealth, 221 Va. 872, 875-76, 275 S.E.2d 592, 594-95 (1981) (finding a breaking occurred whereby the victim opened the door approximately one foot

---

[2] Although Rule 5A:18 allows for an exception for good cause or to attain the ends of justice, appellant does not ask us to invoke either exception.  See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).  Accordingly, we will not consider *sua sponte* whether to apply either exception.  Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

wide, retreated into the home, then turned around to find the perpetrator had evidently pushed the door open and followed her into the home).  Thus, the evidence was sufficient to support the trial court's finding that appellant broke into the residence.

## IV.  CONCLUSION

Based on the foregoing, we hold that the trial court did not err in finding the evidence sufficient to convict appellant of statutory burglary, and affirm appellant's conviction.

Affirmed.