COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Huff, Judge Decker and Senior Judge Clements
Argued at Richmond, Virginia


CRAIG LAMONT KIRKPATRICK

MEMORANDUM OPINION[*] BY
v.      Record No. 0845-14-2      CHIEF JUDGE GLEN A. HUFF
JULY 7, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven C. McCallum, Judge

Steven K. Armstrong (Reed│Armstrong LLP, on brief), for
appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Craig Lamont Kirkpatrick ("appellant") appeals his conviction for object sexual

penetration, in violation of Code § 18.2-67.2. After a bench trial in the Chesterfield County

Circuit Court ("trial court"), appellant was sentenced to a total of thirty years in the Virginia

Department of Corrections with twenty years suspended. On appeal, appellant asserts that "the

trial court erred by finding that the evidence was sufficient to convict appellant of object sexual

penetration, as the Commonwealth presented no evidence of any penetration of the complaining

witness's vagina or anus, as required by the statute." For the following reasons, this Court holds

that the appeal is procedurally barred by Rule 5A:18.

I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

<u>Williams v. Commonwealth</u>, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting <u>Jackson v. Commonwealth</u>, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

In 2010, C.W. employed appellant as her personal trainer for a period of six months. During that time period, appellant provided training sessions for C.W. approximately two to three times per week at his personal residence in Chesterfield County. The training sessions were private, and no other participants attended.

During a normal workout, C.W. "worked on the cardio equipment and then went over to the weightlifting department and worked there some and then did some stretching exercises." Routinely, appellant would assist C.W. during the stretching component of the workout. C.W. would lay on her stomach and back while appellant stretched her shoulders to elbow and her lower hamstring down to the legs. C.W. indicated that she never made "romantic overtures" toward appellant, nor did she inappropriately touch him during the sessions. Conversely, appellant never inappropriately touched or propositioned C.W. before December 12, 2010.

On December 12, 2010, C.W. attended a private training session with appellant. After her weightlifting and cardio exercises, C.W. laid on her stomach with her arms across her head while appellant performed the normal stretches utilizing a roller pin.[1] Appellant stopped using the roller pin and C.W. "felt his hand on [her] upper thigh," which was a few inches above where the roller pin had stopped. At the time, C.W. "was wearing a pair of red shorts that came a little above the middle of [her] thigh and underwear that was completely enclosed in elastic." C.W. indicated that her underwear covered her "private areas." Next, appellant "moved his hands underneath [C.W.'s] shorts . . . [and] moved his finger underneath the elastic part of [her]

---

[1] A roller pin is a small machine used for massaging muscles. C.W. indicated that appellant sometimes used the roller a couple of inches above her knee.

underwear." In her testimony, C.W. stated that appellant "pushed the elastic out of the way" and "[h]is fingers were at the outer edge" of her vagina. Appellant then "removed his hand and stopped and told [C.W.] to get on [her side] of the table, and then that finished the session."

Appellant was charged with object sexual penetration, and a hearing was scheduled for November 26, 2013. Following the conclusion of the Commonwealth's case-in-chief, appellant moved to strike the evidence. Specifically, appellant argued "there has been no evidence presented to the Court of threat or intimidation against the victim or through the use of any mental incapacity or physical helplessness, which are all mandatory elements of this charge." Moreover, appellant contended

> the Commonwealth is asking the Court to take a giant leap in the wording of the statute. It has to be not that something happened but that and she was lying there and that constituted helplessness, and that's not the way I see the cases and the law. Helplessness is helplessness. Physical helplessness has to be able to overcome any unwillingness, and that's not the case and not being presented.

The trial court overruled appellant's motion.

Following the conclusion of the evidence, appellant renewed his motion to strike. Again, appellant argued "the information . . . is all uncorroborated" and "[t]here is no indication of force, threat or intimidation, any mental incapacity or helplessness involved in this case." Moreover, appellant argued that "there has to be something, a statement, and she never made any statements, no, don't do that, pushing him away." The trial court overruled appellant's motion. Additionally, the trial court found "the evidence amply demonstrates the penetration of the relevant body parts by an object, that is the fingers of [appellant]." Moreover, the trial court found C.W. "to be a credible witness" and possessed "all the indicia of truthfulness." Accordingly, the trial court found appellant guilty of object sexual penetration. This appeal followed.

## II. ANALYSIS

On appeal, appellant asserts that the trial court erred in finding the evidence sufficient to convict appellant of object sexual penetration because the Commonwealth presented no evidence of any penetration of the complaining witness' vagina or anus, as required by statute.[2] Specifically, appellant argues that C.W.'s testimony did not establish the requisite element of penetration. Appellant presents this argument for the first time on appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Importantly, "[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Furthermore, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*).

In the current matter, appellant moved to strike the evidence and argued "there has been no evidence presented to the Court of threat or intimidation against the victim or through the use of any mental incapacity or physical helplessness, which are all mandatory elements of this charge." Further, in his renewed motion to strike, appellant contended "[t]here is no indication of force, threat or intimidation, any mental incapacity or helplessness involved in this case." Consequently, appellant only argued the evidence was insufficient as to threat and intimidation against C.W. Throughout his arguments, appellant did not challenge the Commonwealth's case on the basis that the Commonwealth failed to provide evidence of penetration. This argument is

---

[2] Code § 18.2-67.2 provides in pertinent part that "an accused shall be guilty of inanimate . . . sexual penetration if he or she penetrates the *labia majora* or anus . . . ." (Emphasis added).

presented for the first time on appeal. "An objection made at trial on one ground does not preserve for appeal a contention on a different ground." Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999). As appellant only objected to the Commonwealth's lack of evidence regarding intimidation and threat, this Court may not consider a separate argument challenging the sufficiency of the evidence of penetration on appeal. Consequently, this Court finds that appellant's argument is procedurally barred by Rule 5A:18.

## III.  CONCLUSION

Accordingly, this Court finds that appellant's argument is procedurally barred by Rule 5A:18 and, therefore, affirms the trial court's ruling.

Affirmed.