COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Decker and AtLee
Argued at Salem, Virginia


DEMETRIUS TARPLEY

v.     Record No. 0173-15-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RICHARD Y. ATLEE, JR.
JANUARY 26, 2016

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

Sherron E. Ashby, Assistant Public Defender, for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Demetrius Tarpley was indicted in the Circuit Court for the City of Danville for felony

petit larceny, third or subsequent offense, in violation of Code §§ 18.2-103 and 18.2-104. He

asserts that the trial court erred when it found that "Florida Statute § 817.52 was 'substantially

similar' to Virginia Code § 18.2-117 for purposes of establishing a necessary predicate

conviction under § 18.2-104, and therefore erred by admitting a Florida conviction in evidence

and using it to enhance Mr. Tarpley's offense to a felony under the recidivism provision of

§ 18.2-104." Rule 5A:18 bars our consideration of Tarpley's assignment of error, so we affirm.

"On appeal, we view 'the evidence in the light most favorable to the Commonwealth, the

prevailing party in the circuit court, and we accord the Commonwealth the benefit of all

reasonable inferences deducible from the evidence.'" Testerman v. Commonwealth, 57

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 164, 167, 699 S.E.2d 522, 524 (2010) (quoting Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008)). So viewed, the evidence is as follows.

A loss prevention officer observed Tarpley steal K-Mart property worth less than $200. Tarpley was charged with felony petit larceny, third or subsequent offense, in violation of Code §§ 18.2-103 and 18.2-104. Pursuant to Code § 19.2-295.1, the Commonwealth provided Tarpley notice of its intention to introduce certified copies of Tarpley's prior convictions. One of these was a conviction for violating Florida Statute § 817.52. Tarpley filed a motion *in limine* asking, in part, that the trial court rule that Florida Statute § 817.52 was not substantially similar to "the most closely corresponding crime under Virginia law," for purposes of enhancement under Code § 18.2-104.

At the hearing on the motion *in limine*, the trial court found that Florida Statute § 817.52 was substantially similar to Virginia Code § 18.2-117. Tarpley then entered a conditional guilty plea, pursuant to Code § 19.2-254. The trial court accepted Tarpley's guilty plea, found him guilty, and sentenced him to four years in the penitentiary, with three years and two months suspended. This appeal followed.

Rule 5A:18 states, in part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Tarpley argues on appeal, as he did in the trial court, that Florida Statute § 817.52 is not substantially similar to Virginia Code § 18.2-117, and thus a conviction for violation of such Florida statute cannot serve to enhance the offense with which he was charged. However, the reasoning advanced on appeal in support of his argument differs to such a degree from that advanced in the trial court that we find the objection was not "stated with reasonable certainty" to the trial court.

Rule 5A:18 requires not just that the objection be the same in the trial court and on appeal, but also that the argument be the same. "Applying Rule 5A:18, we have consistently held that we 'will not consider an argument on appeal which was not presented to the trial court.'" Chappelle v. Commonwealth, 62 Va. App. 339, 348, 746 S.E.2d 530, 535 (2013) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)). Specificity of objection is necessary to give both the trial judge and the opposing party an opportunity to address the specific argument advanced. Perry v. Commonwealth, 58 Va. App. 655, 666-67, 712 S.E.2d 765, 771 (2011). Adherence to Rule 5A:18 also reduces unnecessary appeals. Id.

In Clark v. Commonwealth, 30 Va. App. 406, 517 S.E.2d 260 (1999), Clark was convicted of object sexual penetration and objected to the sufficiency of the evidence. His argument in the trial court was that "no evidence proved the absence of a marital relationship between the victim and Clark and that the evidence failed to support the wording of the indictment." Id. at 411, 517 S.E.2d at 262. The error assigned on appeal, however, was that "no evidence proves that he accomplished sexual penetration by force, threat or intimidation." Id. In both the trial court and on appeal, he claimed that the evidence was insufficient; however, the basis for his claim changed. This Court held: "An objection made at trial on one ground does not preserve for appeal a contention on a different ground." Id.

Similarly, Tarpley has remained consistent in his claim that the statutes at issue are not substantially similar, but the basis for his claim has shifted. In the trial court, Tarpley advanced the following argument in support of his position: "[L]arceny in Virginia is taking property of another with the intent to permanently deprive. Larceny . . . in Florida is taking property with either the intent to permanently deprive or temporarily deprive." On appeal, Tarpley has replaced his previously-advanced "permanent deprivation" argument with a new one. His argument on

appeal is that the two statutes are not substantially similar "[b]ecause Florida's statute does not

include a prima facie presumption of fraudulent intent . . . ." We cannot reverse a conviction

when the argument advanced in support of reversal was not made to the trial court. Accordingly,

Rule 5A:18 bars our consideration of Tarpley's assignment of error.[1]

Affirmed.

---

[1] Tarpley does not invoke the exceptions to Rule 5A:18, and we decline to do so for him. "Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*) (citation omitted).