COURT OF APPEALS OF VIRGINIA

Present:  Judges Huff, Russell and Malveaux
Argued at Lexington, Virginia

UNPUBLISHED

DANIEL JASON RAKES

v.      Record No. 1038-18-3

TERESA RENEE GRIGGS RAKES

MEMORANDUM OPINION* BY
JUDGE GLEN A. HUFF
MARCH 12, 2019

FROM THE CIRCUIT COURT OF THE CITY OF SALEM
Charles N. Dorsey, Judge

Melvin L. Hill for appellant.

Monica Taylor Monday (Gentry Locke, on brief), for appellee.


Daniel Jason Rakes ("husband") appeals a decree of divorce from Teresa Renee Griggs

Rakes ("wife") granted by the Circuit Court of the City of Salem ("trial court").  On appeal,

husband's single assignment of error contends that the trial court erred in granting the divorce on

grounds of constructive desertion.  He asserts three arguments in support of the assignment of

error.

This Court affirms the trial court's grant of a fault-based divorce.  Husband failed to

preserve two arguments under Rule 5A:18.  Husband's remaining argument is based on a

mischaracterization of the trial court's ruling.  This Court is unable to address an assignment of

error that is not based on the actions of the trial court.

## I.  BACKGROUND

"Under familiar principles we view [the] evidence and all reasonable inferences in the

light most favorable to the prevailing party below.  Where, as here, the court hears the evidence

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

*ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Pommerenke v. Pommerenke, 7 Va. App. 241, 244 (1988) (quoting Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20 (1986)). So viewed, the evidence is as follows.

Husband and wife were married for twenty-four years and raised two children. In November 2015, wife found three pictures of husband cross-dressing. Two photographs pictured husband wearing women's clothing outside in public, and another photograph showed husband in a vehicle wearing fishnet hose and women's underwear with another man's hand on his inner thigh. Husband was depicted wearing different outfits in the various photographs.

Wife testified that after viewing the photos she felt "shocked, hurt, betrayed, angry" and as though she had suffered an "undescribable death" with everything she knew "gone in an instant." When asked about his conduct, husband said he dressed like a woman because wife would not dress that way. Husband also refused to identify the other man in the photograph.

After wife discovered the photos, the parties slept in separate bedrooms because wife was concerned that husband may have contracted sexually transmitted diseases through his extra-marital engagements. Wife and husband continued to live in the same residence, albeit separate and apart, while both parties engaged in counseling. Nearly one year later, however, husband moved out of the marital home to live with his parents. The parties formally separated on November 30, 2016. Wife filed for divorce on January 20, 2017 on the grounds of cruelty and desertion.

At trial, on April 16, 2018, husband contended that the court should grant the divorce based on the parties' separation for more than a year and that the trial court should not grant a constructive desertion fault-based divorce because there was only one instance of cross-dressing. Nevertheless, the trial court granted a fault-based divorce on grounds of constructive desertion.

Husband disputed the amounts awarded for spousal support and attorney's fees. The trial court awarded wife $2,250 in monthly spousal support and directed husband to pay wife's attorney's fees in the amount of $10,000.

This appeal followed.

## II. ANALYSIS

On appeal, husband contends that the trial court erred in granting a divorce on grounds of constructive desertion. Although wife claims husband's assignment of error fails to satisfy the specificity requirements, this Court finds that husband's assignment of error is sufficient under Rule 5A:20(c). Wife correctly asserts, however, that two of husband's arguments were not preserved at trial as required pursuant to Rule 5A:18. Moreover, his third argument does not address the actual ruling of the trial court. Therefore, this Court affirms the decision of the trial court.

### A. Specificity of Husband's Assignment of Error

Wife alleges that husband's assignment of error violates Rule 5A:20(c) because it does "not identify any specific error in the trial court's constructive desertion ruling." Husband's assignment of error states: "The trial court erred in finding that a divorce should have been granted on the grounds of constructive desertion." Wife contends that husband's assignment of error fails to "lay its finger on the error."

The requirements of Rule 5A:20 are not jurisdictional, and therefore this Court must "consider whether any failure to strictly adhere to the requirements of Rule 5A:20(e) is insignificant, thus allowing the court to address the merits of a question presented." Jay v. Commonwealth, 275 Va. 510, 520 (2008). Although fairly general, husband's assignment of error "'adequately puts the court and opposing counsel on notice' regarding what alleged errors the appellant [seeks] to have reversed, and thus prevent[s] both the court and opposing counsel

from having to search through the entire record." Commonwealth v. Herring, 288 Va. 59, 68 (2014) (quoting Findlay v. Commonwealth, 287 Va. 111, 116 (2014)). Husband does not state merely that the divorce decree is in error; he states that the trial court erred by granting the divorce "on the grounds of constructive desertion." Husband's assignment of error is not so flawed that it prevents this Court from considering his arguments. Therefore, this Court rejects wife's claim that husband's assignment of error is too vague.

### B. Husband failed to present two of his arguments to the trial court

Although husband's assignment of error is sufficient, he raises two arguments on appeal that he did not present to the trial court. Under Rule 5A:18, a specific argument must be made to the trial court at a time to allow the trial court to correct any error, or else the error will not be considered on appeal. Mounce v. Commonwealth, 4 Va. App. 433, 435 (1987). Rule 5A:18 requires that "an objection [be] stated with reasonable certainty at the time of the ruling." Further, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." See Clark v. Commonwealth, 30 Va. App. 406, 411-12 (1999) (preserving one argument on sufficiency of the evidence does not allow argument on appeal regarding other sufficiency questions). Indeed, "the primary function of Rule 5A:18 is to alert the trial judge to possible error so the judge may consider the issue intelligently and take any corrective actions necessary." Neal v. Commonwealth, 15 Va. App. 416, 422 (1992) (internal citation omitted). Therefore, this Court does not consider issues that were not raised in the trial court. West Alexandria Prop., Inc. v. First Virginia Mortgage and Real Estate Inv. Trust, 221 Va. 134, 138 (1980) ("On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court."); Floyd v. Commonwealth, 219 Va. 575, 584 (1978) (holding that appellate

courts will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue).

Here, husband raises three arguments on appeal. Husband argues that there was no evidence of cruelty, that husband's misconduct does not rise to a level that makes the marital relationship intolerable or unendurable, and that one instance of misconduct cannot form the basis of constructive desertion. At the trial court, however, husband relied solely on the argument that one instance of misconduct is not enough to form the basis of a constructive desertion claim. Because his other two arguments were not mentioned at trial and are presented for the first time on appeal, they are barred by Rule 5A:18, and this Court will not consider them.

C. Husband's remaining argument does not address the trial court's findings

Husband's only remaining argument is that one instance of cruelty cannot sustain a constructive desertion claim. This Court will not consider an argument that does not address the actual ruling of the trial court. Teleguz v. Commonwealth, 273 Va. 458, 471 (2007) ("Accordingly, these assignments of error do not address a ruling made by the trial court and we do not consider them."). Although husband argues one instance of cross-dressing cannot sustain a constructive desertion claim, neither the evidence at trial nor the trial court's findings suggest that the trial court found constructive desertion based on a single incident.

Considering the evidence in the light most favorable to wife, as this Court must, the evidence supports a conclusion that husband's cross-dressing was an ongoing behavior rather than a one-time incident and the trial court viewed it as an ongoing behavior. First, the photographs of husband cross-dressing show him wearing two different sets of women's clothing, suggesting at least two instances of cross-dressing. Second, the trial court found husband had stopped cross-dressing by the time of trial and had promised, during therapy, to stop cross-dressing. The fact husband "stopped" implies the trial court considered husband's

- 5 -

cross-dressing an ongoing behavior, not a single incident. Third, the trial court referred to husband's cross-dressing as a "lifestyle" when asking whether husband intended to continue cross-dressing, and husband accepted that characterization when he testified he had "given up that lifestyle." Again, discussing cross-dressing as a "lifestyle" suggests the trial court considered it an ongoing, repeated behavior, not a single incident.

Thus, nothing in the record suggests the trial court granted a constructive desertion, fault-based divorce, on a single incident of cross-dressing. Rather, the trial court granted the divorce based on husband's "lifestyle" of cross-dressing. Because husband's sole remaining argument does not address the actual finding of the trial court, this Court will not consider it further.

### D. Attorney's Fees

"The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Friedman v. Smith, 68 Va. App. 529, 545 (2018); Rule 5A:30(b).

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). Here, after considering the arguments presented and the equities of the circumstances, this Court declines to award wife appellate attorney's fees.

### III. CONCLUSION

The only argument husband preserved for appeal does not address the actual findings of the trial court. Therefore, this Court finds husband's new arguments waived and his remaining argument without support. Accordingly, this Court affirms the trial court's decision.

Affirmed.