COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Malveaux and Frucci
Argued at Richmond, Virginia


RANDY WILLIAM UNDERWOOD, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 1567-24-2              JUDGE STEVEN C. FRUCCI
                                           OCTOBER 7, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
William S. Moore, Jr., Judge Designate

John W. Parsons (John W. Parsons, Attorney at Law, on brief), for
appellant.

Sabina B. Thaler, Assistant Attorney General (Jason S. Miyares,
Attorney General; Mary Catherine Talbott, Assistant Attorney
General, on brief), for appellee.


Following a jury trial, Randy William Underwood, Jr., was convicted of obstruction of

justice in violation of Code § 18.2-460(B) and sentenced to 12 months in jail and a $1,250 fine.[1]

On appeal, Underwood contends that the evidence at trial was insufficient to prove he intended

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The final order reflects that Underwood was sentenced for a conviction of reckless driving. However, that is the first time in the record a "reckless driving" charge is mentioned. Underwood was charged, tried before the jury, and found guilty by the jury of obstruction of justice. The jury declared a sentence for a conviction of obstruction of justice, and the circuit court orally reflected the sentence for an obstruction of justice conviction. We remand to the circuit court to correct the clerical error in the final order. *See* Code § 8.01-428(B); *Bagley v. Commonwealth*, 73 Va. App. 1, 30 n.10 (2021). Furthermore, the final order states that the Commonwealth, without objection, moved to amend the indictment to "feloniously attempt to intimidate or impede a judge, by threats of bodily harm or force, or obstruct or impede the administration of justice in any Court (Virginia Code Section 18.2-260(B)), a misdemeanor." However, the amended indictment, initialed by the Commonwealth and Underwood's counsel, correctly removed the term "feloniously" when amending the indictment. Therefore, we remand to the circuit court to also correct the clerical error of "feloniously" in the final order's stated amended charge.

to intimidate or impede a judge or to impede the administration of justice. For the following reasons, this Court finds that Underwood's argument on appeal is waived. Therefore, we affirm the circuit court and remand to correct clerical errors in the sentencing order.

BACKGROUND[2]

On February 23, 2024, the Honorable Rondelle Herman presided over a joint plea and sentencing hearing in the Circuit Court of Henrico County, at which Underwood pleaded guilty to grand larceny in accordance with a written plea agreement. After conducting a plea colloquy, receiving the Commonwealth's evidentiary proffer, and finding that Underwood's plea was knowing and voluntary, Judge Herman accepted it and convicted him of grand larceny. Consistent with the parties' agreement, Judge Herman sentenced Underwood to five years of incarceration with four years and four months suspended. She also ordered him to pay $7,569.69 in restitution to the victim.

After the hearing, Underwood was led out of the courtroom to the back hall, where Henrico County Sheriff's Deputy Crawley waited to take him to the lockup downstairs. As Deputy Crawley escorted Underwood, he exclaimed: "[T]hat fucking bitch told me I had to pay [$7,000] back to" the victim, and "that fucking bitch don't realize I would kill her." Underwood further stated: "I know where they park at in the back, when the bus come in[,] we could see where they park at." Finally, Underwood said that "they don't know who they were messing

---

[2] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

with," and he would "kill their ass." The Commonwealth subsequently charged Underwood with obstruction of justice under Code § 18.2-460.[3]

Deputy Crawley was the only witness at trial.[4] She testified that when Underwood made the relevant statements, he appeared upset and mad. She described his voice as "kind of loud" but stated that he was not yelling. While Deputy Crawley further averred that it was important to report Underwood's statements to her supervisor because he "made a threat toward[] a [j]udge in the courthouse," she did not testify to how she reported the statements or what actions are taken after reports are made to her supervisors.[5] Using an aerial photograph of the courthouse, Deputy Crawley confirmed that the judges' parking area was in fact near where the prisoner transport bus arrived. On cross-examination, Deputy Crawley acknowledged that Underwood did not attempt to convey any threatening remarks directly to Judge Herman and that his statements in the hallway did not disrupt the operation of the court that day.

Underwood moved to strike the evidence, arguing that there was no evidence that Underwood's statements impeded Judge Herman's exercise of her duties. The circuit court denied the motion to strike. Underwood did not present any evidence and renewed his motion to strike, arguing that there was no evidence that he acted in a "manner to impede administration of justice." The circuit court denied the motion.

The jury convicted Underwood and fixed his sentence at 12 months in jail and a $1,250 fine. The circuit court imposed the jury's sentence. Underwood appeals.

---

[3] Underwood was indicted for felonious obstruction, but prior to the jury trial, the Commonwealth moved, without objection, to amend the charge to a misdemeanor obstruction in violation of Code § 18.2-460(B). The circuit court granted the motion to amend the indictment.

[4] The Commonwealth also played an audio recording of Underwood's February 23, 2024 plea and sentencing hearing that Judge Herman presided over.

[5] No evidence was presented that Judge Herman was aware of the threats.

ANALYSIS

On appeal, Underwood contends that the evidence "failed to prove an intent on the part of [U]nderwood to intimidate or impede Judge Herman or to impede the administration of justice."[6] The record reflects, however, that he failed to preserve this issue for appeal. He did not raise the issue of intent in a motion to strike during the trial or in a post-trial motion to set aside the verdict.[7] In fact, during the motion to strike, Underwood repeatedly emphasized that the "basis" for his motion was a lack of evidence that the administration of justice was impeded. *See Clark v. Commonwealth*, 30 Va. App. 406, 411 (1999) ("An objection made at trial on one ground does not preserve for appeal a contention on a different ground.").

"No ruling of the [circuit] court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the [circuit] court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to

---

[6] In pursuing that argument, Underwood brings forward two assignments of error on appeal. However, as Underwood states on brief, "[b]oth assignments of error address the same issue" – with one assignment of error claiming that without any evidence of intent the matter should not have been submitted to the jury, and the second addressing how "the evidence was wholly insufficient to prove beyond a reasonable doubt that . . . Underwood had the requisite intent under the statute." As such, for both assignments of error, the argument before this Court is that the evidence "failed to prove an intent on the part of . . . Underwood to intimidate or impede Judge Herman or to impede the administration of justice."

[7] *See Commonwealth v. Bass*, 292 Va. 19, 33 (2016) ("In a jury trial, the defendant preserves his objections to the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's case if he elects to not introduce evidence of his own, or . . . a motion to strike at the conclusion of all the evidence or a motion to set aside the verdict if he does elect to introduce evidence of his own.").

resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made *in time to do something about it*." *Id.* (third emphasis added) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). Furthermore, "[a]n objection made at trial on one ground does not preserve for appeal a contention on a different ground." *See Clark*, 30 Va. App. at 411. "Therefore, 'a challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court.'" *Correll v. Commonwealth*, 42 Va. App. 311, 324 (2004) (quoting *Mounce v. Commonwealth*, 4 Va. App. 433, 435 (1987)).

As Underwood failed to raise this argument during trial at a time when the circuit court could address the claims, this Court finds that he failed to preserve these issues for appellate review. *See* Rule 5A:18; *Osman v. Commonwealth*, 76 Va. App. 613, 672 (2023). Although there are exceptions to Rule 5A:18, Underwood has not invoked them, and this Court may not do so sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023).

CONCLUSION

For the foregoing reasons, this Court finds that Underwood's argument on appeal is waived, affirms the circuit court, and remands to correct the clerical errors in the final order.

*Affirmed and remanded.*